NO. 07-01-0083-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 12, 2001

______________________________

EX PARTE KENNETH MALONE

_________________________________

FROM THE 47
TH
 DISTRICT COURT OF POTTER COUNTY;

NO. W-33,631-02-A; HONORABLE RICHARD DAMBOLD, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Kenneth Cole appeals from the denial of his application for a writ of habeas corpus under provisions of 
Tex. Crim. Proc. Code Ann
. art. 11.25 (Vernon 1977).  We dismiss for lack of jurisdiction. 

BACKGROUND

Appellant filed a pleading entitled “Application for Writ of Habeas Corpus Necessary for the Preservation of Life (pursuant to: Article 
11.25, V.A.C.C.P.
)” with the clerk of the 47
th
 District Court of Potter County (the trial court).  By order dated January 3, 2001, the trial court denied the application.  On February 21, 2001, appellant filed with the trial court clerk a Notice of Appeal and Petitioner’s Application to File an Out of Time Appeal. 

On March 7, 2001, the trial court clerk’s record was filed with the clerk of this court.  By letter dated March 8, 2001, the appellate clerk notified appellant and the State that the appeal was abated pending this court’s consideration of its jurisdiction, and that any briefs or matters the parties desired the court to consider on the issue of jurisdiction should be submitted on or before April 6, 2001.  The State has responded by moving for dismissal of the appeal for want of jurisdiction.  Appellant has filed neither a motion to extend time for filing his notice of appeal, nor any brief or response to the clerk’s letter of March 8, 2001.

LAW

The right to appeal is conferred by the Legislature, and a party may appeal only that which the Legislature has authorized.  
Galitz v. State
, 617 S.W.2d 949, 951 (Tex.Crim.App. 1981).  
In a criminal case, appeal is perfected by timely filing a notice of appeal.  
Tex. R. App. P.
 25.2(a).
  
The notice of appeal must be filed within 30 days after the day the sentence is imposed or after the day the trial court enters an appealable order, unless a timely motion for new trial is filed.  
Tex. R. App. P.
  26.2(a). 
 An untimely notice of appeal will not invoke the jurisdiction of the court of appeals.  
See
 
State v. Riewe
, 13 S.W.3d 408, 411 (Tex.Crim.App. 2000).
  If an appeal is not timely perfected, a court of appeals does not have jurisdiction to address the merits of the appeal, and can take no action other than to dismiss the appeal.  
Slaton v. State
, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).  

The time for filing a notice of appeal may be extended for 15 days under certain circumstances.  
Tex. R. App. P.
 26.3.  An extension of time to file a notice of appeal may be granted if the notice is filed within fifteen days after the last day allowed and, within the same period, a motion is filed in the court of appeals reasonably explaining the need for the extension of time.  
Olivo v. State
, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996).  When a notice of appeal, but no motion for extension of time, is filed within the fifteen-day period allowed by 
Tex. R. App. P
. 26.3, the court of appeals lacks jurisdiction to dispose of the appeal in any manner other than dismissing it for lack of jurisdiction.  
Id
. at 523.

ANALYSIS

Appellant’s notice of appeal was not timely filed.  
Tex. R. App. P.
  26.2(a).
  Appellant did not file in this court a motion to extend the time for filing a notice of appeal.  Because no motion to extend the time to file notice of appeal was filed with this court, we have no jurisdiction over the appeal, even if we assume, without deciding, that appellant’s notice of appeal was filed within the fifteen days for which the filing time could have been extended.  
Olivo
, 918 S.W.2d at 523. 

The appeal is dismissed for lack of jurisdiction.   
     

Phil Johnson

    Justice

Do not publish.