Henry Lee JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–81–0092–CR.

Court of Appeals of Texas, Tyler.

Nov. 4, 1982.

Mandate Issued Jan. 5, 1983.

Victor R. Blaine, Blaine & Bertrand, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Calvin A. Hartmann, Thomas L. Royce, Jr., Asst. Dist. Attys., Houston, for appellee.

SUMMERS, Chief Justice.

Upon a plea of not guilty and upon stipulated evidence, appellant was convicted of receiving stolen property. Trial was to the court, which assessed punishment at ten years confinement and granted appellant's application for probation.

Prior to trial appellant filed and presented a motion to suppress all the evidence seized from his home by officers executing a search warrant, alleging that the search warrant was illegally obtained and that the search was conducted in an illegal manner. After a hearing, the trial court overruled this motion. Thereafter, before trial appellant filed a valid "waiver of jury trial in a felony less than capital," and waived appearance, confrontation and cross-examination of witnesses and agreed to an oral and written stipulation of the evidence and testimony, all in accordance with Art. 1.15, Tex.Code Crim.Pro.Ann. (Vernon 1977). The testimony was stipulated, appellant was found guilty, and this appeal was perfected.

Appellant's two grounds of error attack the trial court's action in overruling his motion to suppress evidence. However, the record reflects that none of the challenged evidence was introduced at the trial. As noted above, appellant was convicted upon stipulated testimony. The trial judge was careful to inquire of appellant and his attorney whether they in fact agreed to the stipulations, and both answered in the affirmative. No complaint was made of these stipulations either in the trial court or on appeal. Under these circumstances, nothing is presented for review. The search and seizure errors claimed here are *not* involved in the conviction because no physical evidence obtained thereby was introduced at trial. *King v. State,* 631 S.W.2d 486, 496 (Tex.Cr.App.1982); *Mitchell v. State,* 586 S.W.2d 491, 495 (Tex.Cr.App.1979, opinion on Appellant's Motion For Rehearing); *Ferguson v. State,* 571 S.W.2d 908, 909 (Tex.Cr.App.1978); *Stiggers v. State,* 506 S.W.2d 609, 611 (Tex.Cr.App.1974). Indeed, as stated in *Mitchell, supra,* where none of the challenged evidence was introduced at trial, these grounds are *foreclosed to review* by the decision in *Stiggers, supra.* Appellant's grounds of error are overruled.

Although not cited by either party, we are not unmindful of the holding in *Brewster v. State,* 606 S.W.2d 325, 328–9 (Tex.Cr.App.1980); see also *Galitz v. State,* 617 S.W.2d 949, 952, 955–6 (Tex.Cr.App.1981, opinion on Appellant's Motion For Rehearing). In those cases the court held that although none of the challenged physical evidence was introduced, the evidence supporting the conviction (e.g., stipulated testimony) must be examined to determine whether any of it constitutes "fruits" of the contested search; for if it does, that evidence must be disregarded in determining whether the conviction is supported by "evidence independent of the matter contested in the pretrial motion." *Brewster, supra* at 328; *Galitz, supra* at 955.

Disregarding the testimony of the police officers involved in the asserted illegal search and seizure, the stipulated testimony before the trial court was: Tom Clark would testify that he had custody and control of a certain three stoves having a value of over $200 and less than $10,000, and such stoves were taken from his place of business without his effective consent; David Young would testify that he appropriated

these three stoves and delivered said stoves to appellant, trading them for certain narcotics, that he also had delivered several other items of stolen property to appellant, and that he told appellant such items were stolen; Johnny Johnson, appellant's son, would testify that his father knew that the three stoves were stolen, and he knew this by watching certain transactions inside appellant's residence; Paul Nickens would testify he witnessed certain stolen property transferred to appellant's hands on a trade for certain narcotics.

 Upon review of this evidence, we find that the stipulated testimony of these witnesses embraced every essential element of the offense charged and manifests the guilt of appellant. That evidence is not shown to be based on, derived from or in any way tainted by the asserted unconstitutional search and seizure. Thus we conclude it was independently obtained by the witnesses, and sufficiently sustains the trial court's finding of guilty and judgment of conviction. Since we have determined that the unchallenged evidence is sufficient to support the conviction, we need not determine the validity of the search and seizure. *Brewster, supra* at 328; *Galitz, supra* at 955.

Accordingly, the judgment is affirmed.