MARY'S OPINION HEADING 






                                                                                    NO. 12-03-00368-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
TEDDY TERRELL DECKARD,                       §                 APPEAL FROM THE 258TH
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 SAN JACINTO COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Appellant Teddy Terrell Deckard appeals his conviction for felony possession of a controlled
substance. In four issues, Appellant contends that the trial court erred in denying his pretrial motion
to suppress the physical evidence found during the search of his vehicle and in finding that the search
of Appellant’s vehicle was the result of a lawful search and seizure. We affirm.
 
Background
            During a routine traffic stop, Texas Department of Public Safety Trooper Kevin Franklin
seized crack cocaine from a vehicle driven by Appellant. Appellant was indicted for possession of
a controlled substance. Appellant pleaded not guilty and filed a motion to suppress physical
evidence.
            At the suppression hearing, Franklin testified that he observed a blue Cadillac approach the
intersection of Highways 156 and 150 in San Jacinto County. Franklin observed the vehicle make
a wide right turn, veering into a ditch on the side of Highway 150. Franklin stopped the vehicle,
which was driven by Appellant. Appellant did not have his driver’s license. After a routine check,
Franklin determined the license had been suspended in 1999. Franklin then issued a citation to
Appellant for driving with a suspended license and two warnings for failure to maintain a single lane
and for failure to present a driver’s license. During the stop, Franklin asked Appellant about his
occupation. Appellant informed the officer that he had not worked in two years.
            After issuing the citations, Franklin detained Appellant by the side of the road. Franklin
testified that he was not satisfied with Appellant’s answers to some of his questions. He asked
Appellant if he had any contraband or weapons. Appellant responded that he did not. Franklin
subsequently conducted a pat down search and found a knife and $221.00 in Appellant’s pocket.
Franklin then asked to search Appellant’s car, and Appellant consented. During the search, Franklin
found twelve rocks of cocaine in a cigarette pack lying on the center console. 
            At the conclusion of the hearing, the trial court denied Appellant’s motion to suppress. A
jury found Appellant guilty and assessed his punishment at five years of imprisonment. This appeal
followed.
 
Preservation of Error on Appeal
            In his four issues on appeal, Appellant argues that the trial court erred in denying his motion
to suppress because the detention exceeded the scope of the traffic stop. Therefore, his argument
continues, his consent to search is the product of an unlawful detention. The State argues that
Appellant failed to preserve this alleged error at trial. We agree with the State.
            According to the record, Appellant alleged in his motion to suppress that the stop was illegal
because there was no evidence showing that the movement of Appellant’s vehicle over the shoulder
of the roadway constituted an unsafe movement. During the suppression hearing, Appellant argued
this position stating that there was no reasonable suspicion or probable cause for the stop based upon
the officer’s contention that the movement over the line was unsafe. Franklin and Appellant testified
during the hearing and answered questions concerning the alleged unsafe driving movement, the
initial traffic stop, and the search of the vehicle. Appellant did not raise any objection or make any
reference to the scope of the detention during the trial on the merits. He now raises this issue for the
first time on appeal.
            A motion to suppress is nothing more than a specialized objection to the admission of
evidence. Galitz v. State, 617 S.W.2d 949, 952 n.10 (Tex. Crim. App. 1981) (op. on reh’g). To
preserve error, a request, objection, or motion must state the grounds therefor with sufficient
specificity to make the trial court aware of the complaint. Tex. R. App. P. 33.1(a). If the objection
made in the trial court differs from the complaint made on appeal, the defendant has failed to
preserve error for review. Wilson v. State, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).
            In the present case, Appellant’s motion to suppress, as well as the suppression hearing, was
limited to the issue of the legality of the initial traffic stop. No evidence or argument was presented
relating to the scope of the detention or the sufficiency of the reasonable suspicion for Appellant’s
continued detention after the officer issued the citations. Because Appellant now advances
arguments concerning the detention that he failed to make in his motion, at the suppression hearing,
or during the trial on the merits, we hold that Appellant failed to preserve this issue for appellate
review. Accordingly, Appellant’s issues one, two, three, and four are overruled.
 
Disposition
            The judgment of the trial court is affirmed.
 
                                                                                                    DIANE DEVASTO 
                                                                                                                 Justice
 
 
Opinion delivered March 23, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.


(DO NOT PUBLISH)