

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00213-CR

MARVIN FRANK HALL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 0216557

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Marvin Frank Hall filed a pro se notice of appeal December 3, 2014, attempting to appeal the trial court's "Order Denying Defendant's Motion For Time Cut." We received and reviewed the clerk's record in this matter, which indicated that the judgment adjudicating Hall's guilt in trial court cause number 0216557 was filed August 26, 2004, and sentence was imposed in this matter on that same date. On December 5, 2014, we notified Hall by letter of a possible defect in this Court's jurisdiction over his appeal; specifically, we informed Hall that there was no appealable judgment or order in the record and that, in the absence of such, we lacked jurisdiction over the appeal. Providing Hall a reasonable opportunity to cure this defect, we afforded him fifteen days from the date of the letter to show this Court how it had jurisdiction. On December 29, 2014, we received a document from Hall captioned, "In the Direct Appeal of Marvin Frank Hall Seeking Relief From Final Felony Conviction," in which Hall claimed this Court has jurisdiction over his appeal because the issues he raises are purportedly jurisdictional. Hall further claimed that this Court has jurisdiction over his appeal because he is permitted to raise the issue of whether or not his plea was voluntary.

To the extent that Hall seeks to directly appeal the judgment rendered against him August 26, 2004, his appeal is untimely. *See* TEX. R. APP. P. 26.2(a)(1). Under Rule 26.2(a)(1) of the Texas Rules of Appellate Procedure, the deadline for filing a direct appeal from that judgment expired long ago. *See id.*

To the extent that Hall seeks to appeal from the trial court's order denying his December 3, 2014, motion seeking some form of time credit on his prison sentence or a

2

reduction in that sentence, we find that such order is not one from which the Texas Legislature has authorized an appeal. In the State of Texas, a party may only appeal when the Texas Legislature has authorized an appeal. *Galitz v. State*, 617 S.W.2d 949, 951 (Tex. Crim. App. 1981). When the Legislature passes legislation granting a right of appeal, in addition to granting its citizens that substantive right, it also grants the appellate courts of this State jurisdiction to hear such appeals. In the absence of such authorizing legislation, appellate courts are without jurisdiction and have no authority to act. *See id.*

Because the time to file a direct appeal in this matter has long since passed and because the record does not otherwise include any appealable order, we dismiss this appeal for want of jurisdiction.


Josh R. Morriss, III
Chief Justice


Date Submitted:      January 7, 2015
Date Decided:        January 8, 2015

Do Not Publish