

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00033-CR

_____

DORNELL LAMAR LIPSCOMB, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 114th District Court
Wood County, Texas
Trial Court No. 19,261-2006

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Dornell Lamar Lipscomb is serving a ten-year sentence for aggravated sexual assault of a child and has had a motion of his denied by the trial court. Because his motion was simply for the appointment of counsel and because there is no right of appeal from the denial of such a motion, we dismiss Lipscomb's appeal for want of jurisdiction.

On November 26, 2014, Lipscomb filed his motion in the trial court seeking the appointment of counsel to assist him "in obtaining an order for DNA testing from the court pursuant to Article 64.01(c), Code of Criminal Procedure." On December 4, 2014, the trial court reviewed Lipscomb's file and denied his request for the appointment of counsel. The trial court then entered a written order memorializing its ruling March 3, 2015. Lipscomb appeals from the trial court's denial of his motion for the appointment of counsel.

The trial court's March 3, 2015, order states, "IT IS THEREFORE ORDERED that Defendant's Request for Counsel and for DNA Testing be and hereby is DENIED." While this sentence could be interpreted as a substantive ruling on a request for forensic DNA testing, we find nothing in the record filed with this Court to suggest that Lipscomb actually made a request for forensic DNA testing. Consequently, we deem the March 3, 2015, order entered by the trial court solely as an order denying Lipscomb's request for the appointment of counsel. We further deem this appeal solely as an appeal from the trial court's March 3, 2015, order denying Lipscomb's request for theappointment of counsel.

In the State of Texas, a party may only appeal when the Texas Legislature has authorized an appeal. *Galitz v. State*, 617 S.W.2d 949, 951 (Tex. Crim. App. 1981). When the Legislature

2

passes legislation authorizing appeals, in addition to granting its citizens a right of appeal, it also grants the appellate courts of this State jurisdiction to hear such appeals. In the absence of such authorizing legislation, appellate courts are without jurisdiction and have no authority to act.

In the criminal context, the Texas Legislature has authorized appeals from written judgments and/or appealable orders. *See Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010). The order denying Lipscomb's motion for the appointment of counsel is not, under these circumstances, the type of order from which the Texas Legislature has authorized an interlocutory appeal. *Id.* In the absence of such an authorization, we are without jurisdiction to hear the appeal.

By letter dated March 11, 2015, we notified Lipscomb of this potential defect in our jurisdiction and afforded him an opportunity to respond. Lipscomb's response was two-fold. First, Lipscomb continued to claim a right to appointment of counsel pursuant to Article 64.01 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01 (West Supp. 2014). Lipscomb failed, however, to cite any authority for the proposition that the denial of a motion for the appointment of counsel in this scenario is an appealable order. Second, Lipscomb contended that his November 26 motion was not only a motion for the appointment of counsel, but included a request for forensic DNA testing. He contended that, because his motion for DNA testing was denied, the order denying that motion is appealable. We disagree. Lipscomb's motion was captioned, "Request for Appointment of Counsel Pursuant to Article 64, Code of Criminal Procedure." The motion reads,

> Comes now Defendant Dornell Lamar Lipscomb, # 1456044 and requests appointment of counsel to assist defendant in obtaining an order for DNA testing

from the court pursuant to Article 64.01(c), Code of Criminal Procedure. Defendant wishes to submit a motion pursuant to Chapter 64 requesting DNA testing and defendant is indigent. An affidavit of indigency is attached and incorporated hereto as Exhibit "1."

Although Lipscomb's motion indicates that he wishes to file a motion for DNA testing, the instant motion makes no such request. By its terms, the motion is limited to a request for the appointment of counsel. The denial of a motion for the appointment of counsel in this circumstance is not an appealable order. *See Gutierrez*, 307 S.W.3d at 323.

In light of the foregoing, we dismiss this appeal for want of jurisdiction.


Josh R. Morriss, III
Chief Justice


Date Submitted:     May 5, 2015
Date Decided:      May 6, 2015

Do Not Publish

4