

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00154-CR

LARRY WAYNE MEANS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 42,561-B

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Larry Wayne Means was convicted of driving while intoxicated, third or more offense, and on November 25, 2013, the 124th Judicial District Court of Gregg County sentenced Means to fifty years' imprisonment. On July 3, 2018, Means filed a motion for resentencing, and the trial court denied that motion on July 16, 2018. Means timely perfected appeal from the trial court's order denying his motion for resentencing.

In Texas, a party may only appeal when the Texas Legislature has authorized an appeal. *Galitz v. State*, 617 S.W.2d 949, 951 (Tex. Crim. App. 1981). When the legislature passes such authorizing legislation, in addition to granting its citizens that substantive right, it also grants the appellate courts of this State jurisdiction to hear such appeals. In the absence of such authorizing legislation, appellate courts are without jurisdiction and have no authority to act.

As a general rule, the Texas Legislature has only authorized appeals from written judgments of conviction. *See Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010). There are a few very limited exceptions to this general rule, *see Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.), but the trial court's July 16 order denying Means' motion for resentencing does not fall within one of those exceptions.

By letter dated September 20, 2018, we informed Means of the potential jurisdictional issue stemming from the lack of an appealable order and provided Means an opportunity to demonstrate how we have jurisdiction notwithstanding the noted defect. We granted Means' request for a thirty-day extension of the deadline for responding to our jurisdictional defect letter, and we

2

warned him that further extensions would not be granted.  Rather than responding, Means simply filed another request for a thirty-day extension of the deadline.

Because the trial court's July 16, 2018, denial of Means' motion for resentencing does not constitute an appealable order, we lack jurisdiction over this appeal.  Consequently, we dismiss the appeal for want of jurisdiction.

Bailey C. Moseley
Justice

Date Submitted:     November 15, 2018
Date Decided:       November 16, 2018

Do Not Publish