**Opinion filed March 21, 2019**



## In The

# Elebenth Court of Appeals

_____

## No. 11-17-00079-CR
_____

## JOE JOHN VERA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 132nd District Court**
**Scurry County, Texas**
**Trial Court Cause No. 10445**

## MEMORANDUM OPINION

The jury convicted Appellant of the third-degree felony offense of driving while intoxicated. After the jury found the enhancement paragraph contained in the indictment to be true, it assessed Appellant's punishment at confinement for fifteen years in the Institutional Division of the Texas Department of Criminal Justice and

a fine of $5,000. Appellant brings two issues on appeal primarily challenging the trial court's ruling on his motion to suppress. We affirm.

*Background Facts*

On April 24, 2016, Snyder Police Officer Miguel Guerrero pulled Appellant over after Officer Guerrero observed that the right brake light of Appellant's vehicle was not working. Officer Guerrero had also observed Appellant driving with a continuously displayed left-turn signal even though Appellant did not change lanes or make a left turn. Officer Guerrero turned his vehicle around and made contact with Appellant in a Dairy Queen parking lot where Appellant had parked his vehicle. When Officer Guerrero first contacted Appellant, Appellant had already turned off his vehicle and stepped outside.

Officer Guerrero informed Appellant that he was being stopped "because [his] right brake lamp [was] out." During this initial encounter, Officer Guerrero noticed that Appellant had slurred speech and glassy, bloodshot eyes. When Officer Guerrero asked Appellant to sign the citation, Officer Guerrero leaned in and smelled "the odor of an alcoholic beverage on [Appellant's] breath and on [Appellant's] person."

Officer Guerrero asked Appellant whether Appellant had been drinking, and Appellant responded that he had had "one or two beers" earlier that day. Based on these observations, Officer Guerrero conducted field sobriety tests on Appellant. After Appellant completed the tests, Officer Guerrero determined that Appellant was intoxicated. Officer Guerrero subsequently arrested Appellant for the offense of driving while intoxicated.

After the arrest, Appellant consented in writing to have a sample of his blood drawn for testing. The results of the blood test later confirmed that Appellant was legally intoxicated at the time of the offense. Specifically, Appellant's blood alcohol

content was 0.152 grams of alcohol per 100 milliliters of blood—nearly twice the legal limit of 0.08. *See* TEX. PENAL CODE ANN. § 49.01(2)(B) (West 2011).

Appellant subsequently filed a motion to suppress "all evidence seized as a result of illegal acts by the state." At the outset of the hearing on the motion to suppress, the trial court asked Appellant's trial counsel for clarification about what exactly Appellant was alleging in his motion to suppress. Trial counsel admitted that his motion was "somewhat global in nature," but specified that Appellant's motion "mainly focuse[d] on the issue of the initial stop in the first place." Trial counsel further explained: "Our position is that the stop was illegal and . . . that it was not done with probable cause." Trial counsel stated that Appellant's motion centered "essentially on an issue about a right brake light not working properly on the vehicle in question." As set out below, Appellant presented evidence at the hearing on the motion to suppress that the brake lights on his vehicle were functioning properly at the time of his encounter with Officer Guerrero. The trial court denied Appellant's motion to suppress, and the case proceeded to trial.

*Analysis*

In his first issue, Appellant contends that the trial court erred when it denied his motion to suppress. Appellant asserts that his initial detention for driving with an inoperable brake light was unlawful because "the evidence shows [that Appellant's] light could not have been out." Additionally, Appellant argues that his detention was unlawful "because it was unnecessarily prolonged without sufficient cause."

We review a trial court's ruling on a motion to suppress for an abuse of discretion. *Martinez v. State*, 348 S.W.3d 919, 922 (Tex. Crim. App. 2011). In reviewing a ruling on a motion to suppress, we apply a bifurcated standard of review. *Brodnex v. State*, 485 S.W.3d 432, 436 (Tex. Crim. App. 2016); *Martinez*,

3

348 S.W.3d at 922–23. We afford almost total deference to the trial court's determination of historical facts, and of mixed questions of law and fact that turn on the weight or credibility of the evidence. *Brodnex*, 485 S.W.3d at 436; *Martinez*, 348 S.W.3d at 922–23. We review de novo the trial court's determination of pure questions of law, and mixed questions of law and fact that do not depend on credibility determinations. *Brodnex*, 485 S.W.3d at 436; *Martinez*, 348 S.W.3d at 923.

When, as in this case, there are no written findings of fact in the record, we uphold the trial court's ruling on any theory of law applicable to the case and presume the trial court made implicit findings of fact in support of its ruling so long as those findings are supported by the record. *State v. Ross*, 32 S.W.3d 853, 855–56 (Tex. Crim. App. 2000). We view a trial court's ruling on a motion to suppress in the light most favorable to the trial court's decision. *Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007). At a suppression hearing, the trial court is the sole judge of the credibility of the witnesses and is free to believe or disbelieve any or all of the evidence presented. *See id.* at 24–25. If supported by the record, a trial court's ruling on a motion to suppress will not be overturned. *Mount v. State*, 217 S.W.3d 716, 724 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

At the suppression hearing, Officer Guerrero testified that he witnessed Appellant driving his vehicle in the far right lane, with his left-turn signal on for "about three to four blocks" without turning. During this time, Officer Guerrero and Appellant were driving in opposite directions. Officer Guerrero testified that, after he passed Appellant on the road, he noticed in his rearview mirror that Appellant's right brake light did not work when the other brake light came on. As a result, Officer Guerrero made a U-turn to initiate a traffic stop because of the defective brake light. Apart from his testimony of what he saw in his rearview mirror,

4

Officer Guerrero could not point to any other evidence to establish that Appellant's right brake light was not working.

Appellant, Appellant's wife (Monica Capetillo), and Appellant's mother-in-law (Rebecca Capetillo) also testified at the hearing on the motion to suppress. Collectively, they refuted the allegation that the right brake light of Appellant's vehicle was not working. Specifically, Appellant testified that the right brake light of his vehicle was working properly around the time of the initial stop, and that, if it was not, his vehicle would have alerted him to any defective lights. He further stated that shortly after he was released from jail, he checked the brake lights, including the one in question, and determined that it worked properly. Appellant also introduced several photographs of his vehicle, which were taken a week before the suppression hearing, that showed the brake lights on the vehicle were functioning properly. Appellant also testified that no repairs had been made to the vehicle since his arrest.

Additionally, Monica testified that when she went to go pick up the vehicle (along with her mother) the day after Appellant's arrest, she first checked the brake lights and determined that "[e]verything was working." Monica also stated that she was not aware of any problems with the electrical and brake-light systems of the vehicle, and she confirmed that the brake lights were not repaired subsequent to Appellant's arrest. Further, Rebecca testified that when she followed behind Monica after they picked up the vehicle, she did not notice anything that suggested that the brake lights were defective. On cross-examination, Rebecca stated that, although both she and Monica had phones capable of taking pictures, neither she nor Monica took pictures of the brake lights.

An officer may make a warrantless traffic stop if the reasonable-suspicion standard is satisfied. *Jaganathan v. State*, 479 S.W.3d 244, 247 (Tex. Crim. App.

2015). Reasonable suspicion exists if the officer has "specific articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably suspect that a particular person has engaged or is (or soon will be) engaging in criminal activity." *Id.* (quoting *Abney v. State*, 394 S.W.3d 542, 548 (Tex. Crim. App. 2013)). The likelihood of criminal activity required for reasonable suspicion need not rise to the level required for probable cause. *State v. Kerwick*, 393 S.W.3d 270, 273–74 (Tex. Crim. App. 2013). The reasonable-suspicion standard requires only "some minimal level of objective justification" for the stop. *Hamal v. State*, 390 S.W.3d 302, 306 (Tex. Crim. App. 2012) (quoting *Foster v. State*, 326 S.W.3d 609, 614 (Tex. Crim. App. 2010)).

A person traveling on a public roadway with defective "stoplamps" commits a traffic offense in violation of Section 547.323 of the Texas Transportation Code. *See* TEX. TRANSP. CODE ANN. § 547.323 (West 2011). The legality of a traffic stop based on reasonable suspicion does not depend upon a showing that an actual offense was committed; it is sufficient to show that the officer reasonably believed that an offense was in progress. *Fernandez v. State*, 306 S.W.3d 354, 357 (Tex. App.—Fort Worth 2010, no pet.). Therefore, to determine whether the stop was supported by reasonable suspicion, we must decide if the evidence at the hearing reveals sufficient facts to show that a reasonable officer would have developed suspicion that Appellant's brake light was defective. *See Martinez*, 348 S.W.3d at 923.

Officer Guerrero testified that he observed Appellant operating his vehicle with a defective brake light. The trial court implicitly found that Officer Guerrero believed he observed Appellant commit a traffic violation because of a defective brake light. This determination was one of historical fact based upon an assessment of Officer Guerrero's credibility. As such, it is a matter on which the trial court is

afforded almost complete deference. *See Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010). Irrespective of Appellant's evidence to the contrary regarding the functionality of the brake light, Officer Guerrero's testimony supports the trial court's implicit determination. It was within the trial court's discretion to believe Officer Guerrero's testimony and disbelieve Appellant's, Monica's, and Rebecca's testimony. *See Wiede*, 214 S.W.3d at 24–25. Accordingly, the trial court did not abuse its discretion in overruling Appellant's motion to suppress concerning Officer Guerrero's observation of a traffic violation.

Appellant additionally contends that, even if the initial stop of Appellant for driving with an inoperable brake light was lawful, Officer Guerrero's extension of the stop to determine whether Appellant was intoxicated was unlawful. Specifically, Appellant argues that Officer Guerrero lacked reasonable suspicion to extend the stop and administer field sobriety tests. Appellant argues that "everything learned after the officer gave [Appellant] the ticket was improper, and should have been suppressed." However, Appellant did not present this contention at the hearing on the motion to suppress. As noted previously, while Appellant filed a written motion to suppress that was global in nature, he stated at the outset of the hearing that he was only challenging Officer Guerrero's basis for initiating the traffic stop. No evidence was presented at the hearing on the motion to suppress concerning a complaint by Appellant about the duration of the traffic stop. Furthermore, the suppression matter was not relitigated at trial. *See O'Hara v. State*, 27 S.W.3d 548, 551 (Tex. Crim. App. 2000).

A pretrial motion to suppress evidence is "nothing more than a specialized objection to the admissibility of that evidence." *See Black v. State*, 362 S.W.3d 626, 633 (Tex. Crim. App. 2012) (quoting *Galitz v. State*, 617 S.W.2d 949, 952 n.10 (Tex. Crim. App. 1981)). A party's objection must state the grounds for ruling with

"sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1. Accordingly, Appellant did not preserve his complaint about the duration of the stop for appellate review. *See Martinez v. State*, 17 S.W.3d 677, 683 (Tex. Crim. App. 2000) (applying the requirements of Rule 33.1 to a motion to suppress); *see also Martinez v. State*, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002) (An appellate court usually may not reverse a trial court's ruling on any theory or basis that might have been applicable to the case, but was not raised at trial). We overrule Appellant's first issue.

In his second issue, Appellant contends that the State failed to prove that his consent to a blood draw was valid. Appellant asserts that, "because any consent given was not properly obtained," the State "should not be allowed" to "use the evidence obtained from his blood against him." Appellant's argument that his consent was invalid, and thus any evidence resulting from it should not have been allowed, is premised on his argument that Officer Guerrero's conduct was unlawful. According to Appellant, because there is no "sufficient break in the chain of events" to remove the taint of Officer Guerrero's improper detainment of Appellant, Appellant's subsequent consent was invalid. However, we have already determined that the trial court did not err by determining that Officer Guerrero lawfully conducted a traffic stop and that Appellant waived any complaint regarding the duration of the traffic stop.

Appellant likewise did not challenge his consent to the blood draw either in his motion to suppress, during the suppression hearing, or at trial. Furthermore, Appellant did not object to evidence related to the blood draw or the results from it. Because Appellant is now raising this complaint for the first time on appeal, we

8

conclude that Appellant has failed to preserve this issue for appellate review. *See* TEX. R. APP. P. 33.1. We overrule Appellant's second issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

CHIEF JUSTICE


March 21, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.