

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-20-00103-CR

_____

TERRY EUGENE JONES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Cass County, Texas
Trial Court No. 2020F00044

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Terry Eugene Jones was charged by indictment with evading arrest or detention with a vehicle. *See* TEX. PENAL CODE ANN. § 38.04. On August 31, 2020, Jones appeared before the presiding judge of the County Court at Law of Cass County, the Honorable Donald Dowd, and expressed his desire to represent himself. After admonishing Jones of the pitfalls of representing himself, the trial court found that Jones understood the implications of self-representation and granted his request. The trial court further appointed standby counsel to assist Jones. At the same time, the trial court considered Jones's request to be allowed access to legal resources and research materials or, in the alternative, to be transferred out of the Cass County Jail to a facility that has a law library. After careful consideration, the trial court, on September 1, 2020, denied Jones's request for access to a law library and, in the alternative, for transfer to a facility that has a law library. In a letter filed by the Cass County District Clerk on September 16, 2020, Jones expressed a desire to appeal the trial court's September 1 order.

In Texas, a party may only appeal when the Texas Legislature has authorized an appeal. *Galitz v. State*, 617 S.W.2d 949, 951 (Tex. Crim. App. 1981). When the Legislature passes legislation granting a right of appeal, in addition to granting its citizens that substantive right, it also grants the appellate courts of this State jurisdiction to hear such appeals. In the absence of such authorizing legislation, appellate courts are without jurisdiction and have no authority to act. In the criminal context, the Texas Legislature has authorized appeals from written judgments of conviction and a few orders deemed appealable. *See Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010). The trial court's September 1 interlocutory order

2

denying Jones's request to be provided access to a law library or, in the alternative, to be transferred to a facility that has a law library, does not appear to be an order from which the Texas Legislature has authorized an appeal. In the absence of such an authorization, we are without jurisdiction to hear the appeal.

By letter dated November 13, 2020, we informed Jones of this jurisdictional issue and afforded him the opportunity to cure the defect, if possible. Jones did not respond to our letter.

Because the trial court's September 1 order denying Jones's request to be provided access to a law library or, in the alternative, to be transferred to a facility that has a law library, is not an appealable order, we lack jurisdiction over this appeal. Consequently, we dismiss the appeal for want of jurisdiction.


Josh R. Morriss, III
Chief Justice


Date Submitted:      December 14, 2020
Date Decided         December 15, 2020

Do Not Publish