

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-23-00217-CR

_____

SAKHORN KHAMSIRY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 451st Judicial District Court
Kendall County, Texas
Trial Court No. 9134

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

A Kendall County[1] grand jury indicted Sakhorn Khamsiry for possession of a controlled substance (trial court cause number 9133) and unlawful possession of a firearm (trial court cause number 9134). Pursuant to a plea agreement, Khamsiry pled guilty to the possession of a controlled substance charge, admitted his guilt to the unlawful possession of a firearm charge, and asked the trial court to consider the unadjudicated firearm possession charge in determining the sentence for the adjudicated possession of a controlled substance charge. Khamsiry filed notices of appeal in both trial court cause numbers 9133 (our cause number 06-23-00216-CR) and 9134 (this matter).

In Texas, a party may only appeal when the Texas Legislature has authorized an appeal. *Galitz v. State*, 617 S.W.2d 949, 951 (Tex. Crim. App. 1981). When the legislature passes legislation granting a right of appeal, in addition to granting its citizens that substantive right, it also grants the appellate courts of this State jurisdiction to hear such appeals. In the absence of such authorizing legislation, appellate courts are without jurisdiction and have no authority to act. In the criminal context, the Texas Legislature has authorized appeals from written judgments of conviction and a few orders deemed appealable. *See Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010).

Because the firearms charge at issue in this case was unadjudicated, the clerk's record does not contain an appealable judgment or order, and on November 9, 2023, we sent Khamsiry a letter advising him of this potential defect in our jurisdiction and affording him an opportunity

---

[1] Originally appealed to the Fourth Court of Appeals in San Antonio, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.).

2

to demonstrate how we had jurisdiction over the appeal. By letter dated November 13, 2023, Khamsiry conceded that there was no order or final judgment of conviction in this case for the Court to review and that we lacked jurisdiction over the appeal.

Because there is no appealable order or judgment in the record of this cause, we dismiss this appeal for want of jurisdiction.

Charles van Cleef
Justice

Date Submitted: November 15, 2023
Date Decided: November 16, 2023

Do Not Publish

3