

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-24-00211-CR
_____

DENNIS MICHAEL WOLFENBARGER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Bowie County, Texas
Trial Court No. 16F1160-005

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

On October 31, 2018, Dennis Michael Wolfenbarger was convicted of aggravated sexual assault of a child, and this Court affirmed that conviction on direct appeal in 2019. *See Wolfenbarger v. State*, 581 S.W.3d 455 (Tex. App.—Texarkana 2019, no pet.). On October 10, 2024, Wolfenbarger filed a motion in the trial court styled "Motion for Appointment of Counsel under Tex. Code Crim. Proc. 64.01(c)." The trial court entered an order on October 16, 2024, denying that motion. Wolfenbarger has attempted to appeal directly from the trial court's October 16 order.

In Texas, a party may only appeal when the Texas Legislature has authorized an appeal. *Galitz v. State*, 617 S.W.2d 949, 951 (Tex. Crim. App. 1981). When the legislature passes legislation granting a right of appeal, in addition to granting its citizens that substantive right, it also grants the appellate courts of this State jurisdiction to hear such appeals. In the absence of such authorizing legislation, appellate courts are without jurisdiction and have no authority to act. In the criminal context, the Texas Legislature has authorized appeals from written judgments of conviction and a few orders deemed appealable. *See Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010). With respect to the trial court's October 16 order, the Texas Court of Criminal Appeals has stated clearly that an order denying the appointment of counsel under Article 64.01(c) of the Texas Code of Criminal Procedure "is not an immediately appealable order." *Id.* at 323; *see* TEX. CODE CRIM. PROC. ANN. art. 64.01(c).

On December 4, 2024, we sent Wolfenbarger a letter asking him to demonstrate how we had jurisdiction over this appeal. We warned him that, if he did not file a response on or before

December 27, 2024, we would have no choice but to dismiss the appeal for want of jurisdiction. Wolfenbarger did not file a response.

Because there is no indication in the record presently before this Court that the trial court entered an appealable order, we are without jurisdiction to hear his appeal.

Accordingly, we dismiss this appeal for want of jurisdiction.


Charles van Cleef
Justice

Date Submitted:     January 8, 2025
Date Decided:       January 9, 2025

Do Not Publish