**Reginald Dean VANMETER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–03–01505–CR.

Court of Appeals of Texas, Dallas.

April 6, 2005.

Rehearing Overruled June 28, 2005.

Melvyn Carson Bruder, Dallas, for Appellee.

John R. Roach, Collin County Dist. Atty., John A. Stride, Asst. Dist. Atty., McKinney, for State.

Before Justices FRANCIS, LANG, and LAGARDE.[1]

## OPINION

Opinion by Justice SUE LAGARDE (Retired).

The issue we must decide in this appeal is whether the protections afforded by the Confrontation Clause, as recently interpreted in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), apply at pretrial suppression hearings. For reasons that follow, we conclude they do not. No reversible error having been shown, we affirm the trial court's judgment.

After the trial court denied appellant Reginald Vanmeter's pretrial motion to suppress, appellant waived a jury and en-

---

1. The Honorable Sue Lagarde, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.

tered a negotiated guilty plea to the misdemeanor offense of driving while intoxicated (DWI). Implementing the plea bargain, the trial court assessed appellant's punishment at sixty days' confinement in jail, probated for one year, and a $300 fine.

■ On appeal, appellant presents only one issue: whether the trial court reversibly erred by admitting into evidence at the pretrial suppression hearing documents prepared by a person or persons who did not testify at the pretrial hearing, thereby depriving appellant of his rights of confrontation and cross-examination in violation of the Sixth and Fourteenth Amendments to the Constitution of the United States.[2]

Contending that his arrest was illegal because it was without warrant or probable cause, appellant filed a pretrial motion to suppress evidence, specifically requesting the trial court "to suppress the use, at the trial of this case, of all evidence, physical or testimonial, seized or obtained by the State of Texas in violation of the laws or constitutions of the State of Texas or of the United States." At the pretrial hearing on appellant's motion, after the State stipulated that appellant's arrest was without a warrant, appellant rested, relying on the allegations in his motion without presenting any evidence in support thereof. The State then had the burden to prove appellant's warrantless arrest was valid.

The officer who made the decision to stop appellant's motorcycle for speeding and, later, that probable cause existed to arrest appellant for DWI, and who prepared most of the paperwork surrounding the arrest, did not appear in court for the pretrial hearing.[3] Instead, the State offered, and the trial court admitted, an in-car videotape, official records of the Texas Department of Public Safety, and the testimony of another officer who determined, by the use of radar, appellant's motorcycle was speeding, and who joined the arresting officer and appellant at the scene after appellant was stopped. When the State sought to publish the in-car videotape to the trial judge, the following exchange occurred between appellant's counsel and the trial judge:

> [DEFENSE COUNSEL]: I have no objection to the court looking at the video since it's something that's subject to the motion. I am not agreeing it should be admitted as evidence.
>
> THE COURT: But just for the limited purposes of the hearing and the court viewing it, no objection?
>
> [DEFENSE COUNSEL]: That is correct.

After the trial court viewed the in-car videotape recording of events that occurred before, during, and after the arrest, the State offered into evidence State's exhibit number one, a fifteen-page document.[4] Each page is stamped with a certi-

---

**2.** The Sixth Amendment's Confrontation Clause states, in relevant part, that "in all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. Const. amend. VI. The Confrontation Clause provides criminal defendants with two protections: the right to physically face those who testify against them and the right to conduct cross-examination. *See Delaware v. Fensterer*, 474 U.S. 15, 18–19, 106 S.Ct. 292, 88 L.Ed.2d 15 (1985) (per curiam).

**3.** The officer was in school, and even though he had been subpoenaed, he had confused his cases and inadvertently discarded his subpoena to attend the pretrial hearing. No writ of attachment was issued for him.

**4.** State's exhibit number one consists of copies of various documents including a "Peace Officer's Sworn Report" prepared by Sgt. Henderson; an untitled document prepared by an unidentified person; a "Wylie Police Department Officer's Field Sobriety Scoring Sheet" prepared by Sgt. Henderson; a "Wylie

fication under seal stating, in relevant part, "This day, 9/5/02 I certify that the document which bears this certificate is a full, true and correct copy of the official record or report or entry currently on file with the Texas Department of Public Safety." The certification is attested to and executed by Cindy McDonald, Authorized Deputy Custodian of Records, Driver Improvement and Control Service, Texas Department of Public Safety.

Appellant objected to the admission of State's exhibit number one in its entirety because "it denie[d] [appellant] confrontation under both [constitutions]," and "on the grounds that it constitute[d] hearsay, and probably more importantly it deprive[d] the defendant of his right to confront witnesses and cross-examine witnesses *that the State may bring.*" (Emphasis added.) Responding to appellant's objection, and arguing that the rules of evidence do not apply at pretrial suppression hearings, the State referred the trial court to the cases of *Granados v. State,* 85 S.W.3d 217 (Tex.Crim.App. 2002),[5] *cert. denied,* 538 U.S. 927, 123 S.Ct. 1578, 155 L.Ed.2d 321 (2003), and *State v. Brunner,* 917 S.W.2d 103, 105 (Tex.App.-San Antonio 1996, pet. ref'd).[6] Appellant's counsel responded, correctly, that *Granados* did not involve the Confrontation Clause.

Initially, we note that on appeal appellant raises only a federal constitutional right to confrontation issue based on the Sixth and Fourteenth Amendments to the Constitution of the United States.[7] *See* U.S. Const. amends. VI, XIV; *Bunton v. State,* 136 S.W.3d 355, 368 (Tex.App.-Austin 2004, pet. ref'd) (citing *Pointer v. Texas,* 380 U.S. 400, 406, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965)). Therefore, for the same reasons set forth in *Bunton,* we do not review appellant's confrontation complaint under the Texas Constitution.

---

Police Department DWI Interview Report" prepared by Sgt. Henderson; a "Wylie Police Department DWI Arrest Narrative" prepared by Sgt. Henderson; a "Wylie Police Department DWI Supplement Narrative" prepared by Sgt. Henderson; a "Statutory Warning" prepared by Sgt. Henderson; a "Notice of Suspension Temporary Driving Permit" (front and back) prepared by Sgt. Henderson; a City of Wylie Police Collin County Texas DWI Criminal Complaint" prepared by Sgt. Henderson; a "Supplement" prepared by Cpl. C.A. Smith; a "Wylie Police Department Arrest Report" prepared by an unidentified person; a "Wylie Police Department Prisoner Intake" form prepared by an unidentified person; and a document entitled "Inmate Property" prepared by an unidentified person.

5. *Granados* holds that under current rule of evidence 101(d)(1)(A), except for privileges, the rules of evidence do not apply to the determination of preliminary questions concerning the admissibility of evidence when the issue is to be determined by the court under rule 104. *Granados,* 85 S.W.3d at 227–29. Rule 104 includes preliminary questions about the admissibility of evidence. *See* Tex.R. Evid. 104(a). In *Granados,* the court pointed out that the holding in *McVickers v. State,* 874 S.W.2d 662 (Tex.Crim.App.1993), is no longer the law because the rule upon which it was based—rule 101(d)(4)—no longer exists. *See Granados,* 85 S.W.3d at 227–28.

6. *Brunner* simply stands for the proposition that under section 1(6) of article 28.01 of the code of criminal procedure, a defendant fulfills his burden on a motion to suppress by announcing ready on his filed motion thereby shifting the burden to the State. And if no controverting evidence is offered, the trial court may properly grant the motion based on allegations in the motion itself. *Brunner,* 917 S.W.2d at 106.

7. In the trial court, appellant objected that the report was hearsay and it denied him confrontation "under both constitutions." Appellant's only issue on appeal, however, is that he was deprived "of his rights of confrontation and cross-examination in violation of the Sixth and Fourteenth Amendments to the Constitution of the United States."

During the pendency of this appeal, the United States Supreme Court issued its opinion in *Crawford v. Washington.* In *Crawford*, the Court held that in-court testimony or its functional equivalent (i.e., "material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially") may not be used as evidence against an accused unless the accused has an opportunity to confront and cross-examine the maker of the statement. *Crawford*, 541 U.S. at 51, 124 S.Ct. 1354.[8]

Relying on *Crawford*, appellant contends the documents contained in State's exhibit number one are testimonial statements of a witness or witnesses who did not testify at the pretrial hearing and whose unavailability was not proved by the prosecution.[9] Thus, appellant argues, those documents were not admissible absent appellant's opportunity to confront and cross-examine the person or persons who made those statements.

Appellant recognizes that, historically at suppression hearings, courts have been permitted to rely on hearsay and other evidence that would not ordinarily be admissible at trial. *See Granados*, 85 S.W.3d at 227 n. 29 (citing *United States v. Raddatz*, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *United States v. Matlock*, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974); and *Brinegar v. United States*, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949)). Appellant argues, however, that the Sixth Amendment guarantee of confrontation *does apply* at pretrial suppression hearings. Appellant cites no authority but gives as a basis for his position the following reasons:

(a) None of the cases cited in *Granados* involved a Sixth Amendment confrontation issue;[10]

(b) At the core of the suppression hearing is the determination of historical facts that are rarely subject to appellate review in light of the required deferential standard of review, and when resolving suppression issues, a trial court is charged with the responsibility to accurately find the relevant facts and to make critical demeanor and credibility assessments; and

(c) Confrontation and cross-examination *should apply* at pretrial suppression hearings, not because those hearings

---

8. *Crawford* abrogates *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). In *Roberts*, the Supreme Court held that the Confrontation Clause does not bar admission of an unavailable witness's statement against a criminal defendant if the statement bears "adequate 'indicia of reliability.'" *Id.* at 66, 100 S.Ct. 2531.

9. The State does not challenge appellant's characterization of the documents as containing testimonial statements. *Consequently*, any issue of whether the documents were admitted to prove testimonial statements of "a witness or witnesses who did not testify at the pretrial hearing," as opposed to having been admitted as official business records to prove that certain events occurred for the purpose of establishing probable cause, is not

addressed in this opinion. We do note, however, the following language in *Crawford*: "Most of the hearsay exceptions covered statements that by their nature were *not testimonial*—for example, *business records* or statements in furtherance of a conspiracy." *Crawford*, 541 U.S. at 55, 124 S.Ct. 1354 (emphasis added).

10. In *Raddatz*, the issue was a Fifth Amendment due process issue of whether a district judge could review a suppression hearing conducted by a magistrate. *Raddatz*, 447 U.S. at 677, 100 S.Ct. 2406. In *Matlock*, the challenge to certain out-of-court statements was based on hearsay under the rules of evidence and was decided on that basis. *Matlock*, 415 U.S. at 172–77, 94 S.Ct. 988.

serve the same purpose as trials, but because the protections provided by the guarantees serve the objectives of suppression hearings—finding reliable facts relevant to, and assessing demeanor and credibility necessary to, resolution of the suppression issues.

In addition to citing pre-*Crawford* cases stating that confrontation and cross-examination are critical to the reliability of the fact-finding process at trial, appellant cites *Manzi v. State*, 88 S.W.3d 240, 250–51 (Tex.Crim.App.2002) (Cochran, J., concurring), for the proposition that "assessments of demeanor and credibility cannot realistically be made in the absence of confrontation and cross-examination."

Appellant concludes, therefore, that the trial court's admission into evidence of the statements in question, without requiring the State to show unavailability of the witnesses and without allowing appellant the right to confront those witnesses, was reversible error because it violated a structural constitutional guarantee and because it compromised the integrity of the fact finding process inherent in a pretrial suppression hearing.

The State concedes that the cases cited in *Granados* addressed only the application of the state law rules of evidence to pretrial suppression hearings, and did not address the application of federal constitutional rights afforded by the United States Constitution. However, the State contends that under federal law, even after *Crawford*, appellant's right of confrontation is a trial right, not a pretrial right. In support of its position, the State relies on several federal cases, including *Penn-*

*sylvania v. Ritchie*, 480 U.S. 39, 52 & n. 10, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987) (plurality op.) (noting that to accept a broader interpretation would transform the Confrontation Clause into a constitutionally compelled rule of discovery and further recognizing it "normally has refused to find a Sixth Amendment violation when the asserted interference with cross-examination did not occur at trial"); *California v. Green*, 399 U.S. 149, 157, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970) (stating "[It] is this literal right to 'confront' the witness at the time of trial that forms the core of the values furthered by the Confrontation Clause"); and *Barber v. Page*, 390 U.S. 719, 725, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968) ("The right to confrontation is basically a trial right.").

The State further argues that although neither the Texas Court of Criminal Appeals nor this Court has decided the specific issue before us, state law, likewise, does not support appellant's position. The State points to established state law holding that a motion to suppress is simply a specialized pretrial objection,[11] which the trial court is given discretion to decide on affidavits alone, without a hearing,[12] and a defendant who complains on appeal that he was denied a suppression hearing presents no error because he could have raised an appropriate objection at trial.[13]

The State also makes the following contentions: appellant's remedy was to proceed to trial where he would have had a constitutional right of confrontation of the witnesses against him, and if he were denied that right at trial, and preserved error, he could raise the issue on appeal; by waiving a jury and pleading guilty before

---

**11.** *Galitz v. State*, 617 S.W.2d 949, 952 n. 10 (Tex.Crim.App.1981) (op. on reh'g) (en banc).

**12.** Tex.Code Crim. Proc. Ann art. 28.01(6) (Vernon 1989).

**13.** *Wade v. State*, 814 S.W.2d 763, 764 (Tex. App.-Waco 1991, no pet.).

the trial court, appellant waived certain constitutional rights, including his right to confrontation under the Sixth and Fourteenth Amendments;[14] and *Crawford* provides appellant no support because it is procedurally distinguishable from this case because there the violation occurred at trial following a not guilty plea, not at pretrial preceding a guilty plea.

Finally, citing *State v. Ross*, 32 S.W.3d 853, 855–56 (Tex.Crim.App.2000), and *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim.App.1990), the State points out that, upon appellate review of a pretrial motion to suppress, if the trial court's ruling is correct on any theory of law applicable to the case, the decision should be upheld. The State concludes, therefore, that the trial court neither erred nor violated appellant's right of confrontation by admitting the challenged documents into evidence at the pretrial suppression hearing.

 Relying on *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the Supreme Court recently reiterated that when a defendant pleads guilty, he or she foregoes not only a fair trial, but also other accompanying constitutional guarantees. *United States v. Ruiz*, 536 U.S. 622, 628–34, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002). Included within those forfeited guarantees is the right to confront one's accusers. *Id.* at 629, 122 S.Ct. 2450. The issue decided by the Supreme Court in *Ruiz* was whether the Constitution requires the prosecution to disclose, before a guilty plea, the same material impeachment information that it would be required to disclose at a trial.

The Ninth Circuit had held that a guilty plea is not "voluntary" and a defendant could not, by pleading guilty, waive his right to a fair trial, unless the prosecutors first made the same disclosure of material impeachment information that the prosecutors would have been required to make had the defendant insisted upon a trial. In holding that the prosecution is not required to make such disclosure before a guilty plea is negotiated and entered, the Supreme Court held that impeachment information is special in relation to the *fairness of a trial*, not in respect to whether a plea is *voluntary* ('knowing,' 'intelligent,' and 'sufficient[ly] aware').[15] *See id.* at 629–33, 122 S.Ct. 2450.

Although we recognize that confrontation may be "special in relation to the fairness of a trial court's pretrial determination of preliminary questions concerning the admissibility of evidence," whereas it may not be in respect to whether a plea is voluntary, confrontation at the pretrial stage where lesser interests are at stake is not special to the "fairness of a trial." In *Raddatz*, the Supreme Court stated that "the interests at stake in a suppression hearing are of a lesser magnitude than those at a criminal trial itself." *Raddatz*, 447 U.S. at 679, 100 S.Ct. 2406.

At the motion to suppress hearing, the State had the burden only to show probable cause existed for appellant's arrest, not to show appellant was guilty of the offense of DWI. Federal constitutional law did not mandate that appellant be afforded the "full panoply of trial rights" at the motion

---

14. We note that on appeal appellant does not claim his plea of guilty was not "voluntary," nor does he claim the required waivers related thereto were not made "knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences." *See Ruiz*, 536 U.S. 622, 629, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002) (citing

*Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), and *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)).

15. Of course, here, appellant does not challenge the voluntariness of his guilty plea.

to suppress hearing. *See id.* Nor does current state law.

We agree with the State that it is well established under Texas law that a trial judge may decide preliminary questions concerning the admissibility of evidence on affidavits alone, without hearing any live testimony. *See* TEX.CODE CRIM. PROC. ANN. art. 28.01(6) (Vernon 1989). This is true even when affidavits are contradictory. *Manzi,* 88 S.W.3d at 253 & n. 10 (Cochran J., concurring).

In *Manzi,* the court of criminal appeals held that a deferential standard of review applies to a trial court's determination of historical facts when that determination is based solely upon affidavits. *Id.* at 244 (majority op.). To the extent appellant is arguing it *should be the law* that the constitutional right of confrontation applies at pretrial hearings, perhaps Judge Cochran's concurrence in *Manzi* could be read as providing appellant some support by signaling a desired change in Texas criminal law to coincide with civil law. However, to the extent appellant is arguing that Judge Cochran's concurrence in *Manzi* supports the position that it is *currently the law in Texas,* it provides him no support. To the contrary, Judge Cochran recognized that it is *currently not the law* when she stated: "This procedure [dueling affidavits], albeit expressly permitted by statute and not expressly prohibited by constitution, does not inspire confidence." *Id.* at 255 (Cochran J., concurring). Although Judge Cochran expressed frustration with such a process and questioned the propriety of a trial judge deciding contested factual matters at a suppression hearing based on "dueling affidavits" alone, she joined the court's opinion, recognizing that the "illogical method" of "determining the 'truth' from the face of conflicting affidavits alone" is "not only permitted, but widely practiced" and that it is counte-

nanced "for the very reasons set out in the Court's opinion." *Id.* at 252–53. She also wrote:

> First, these "paper hearings" concern only *preliminary rulings* or post-conviction matters. They are not permitted at the *main event of the trial. There,* our constitutions and statutes require witnesses to appear in person and to subject themselves to confrontation and cross-examination. Second, the Texas Legislature has explicitly permitted this "dueling affidavits" process, for both pretrial and post-conviction hearings.

*Id.* at 253 (footnotes omitted) (emphasis added).

Nor does *Crawford* support appellant's position. The violation in *Crawford* occurred during a trial, and the opinion in *Crawford* concerned the process by which one is constitutionally entitled to determine trustworthiness of testimonial evidence during trial—a time when, indisputably, appellant had a constitutional right of confrontation. Put another way, it concerned *the manner in which* one is entitled to test trustworthiness, i.e., "by testing in the crucible of cross-examination," *Crawford,* 541 U.S. at 60, 124 S.Ct. 1354. *Crawford* did nothing to change existing federal law concerning *when,* procedurally, an appellant has that constitutional right of confrontation.

Appellant relies generally on *Crawford* and has not pointed to any specific portion of the opinion he believes signals a change in pre-*Crawford* law that a defendant's right of confrontation is a trial right, not a pretrial right. We have carefully read *Crawford* for any signal the Supreme Court intended its holding to apply at pretrial suppression hearings and have found nothing to signal such an intention.

In summary, we conclude that *Crawford* did not change prior law that the constitutional right of confrontation is a trial right,

not a pretrial right which would transform it into a "constitutionally compelled rule of discovery." *See Ritchie,* 480 U.S. at 52, 107 S.Ct. 989. We hold, therefore, that *Crawford* does not apply at pretrial suppression hearings. Consequently, the trial court did not err in admitting State's exhibit number one into evidence at the hearing on appellant's motion to suppress.

Moreover, procedurally, because appellant later waived a jury and pleaded guilty before the trial court, thus obviating the necessity of a trial at which his constitutional right of confrontation indisputably would have existed, no issue of a violation of the Confrontation Clause is presented. For the reasons stated above, we resolve appellant's sole issue against him.

We affirm the trial court's judgment.