IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00171-CR

 

Larrick Decarl Curry,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 85th District Court

Brazos County, Texas

Trial Court No. 0602513-CRF-85

 



O p i n i o n



 








Appellant Larrick DeCarl Curry was
indicted for Possession with Intent to Deliver a Controlled Substance.  Prior
to trial, the trial court denied Curry’s Motion to Suppress, and Curry pled
guilty.  The trial court found the enhancement allegations in the indictment
were true and sentenced Curry to 46 years in the Institutional Division of the
Texas Department of Criminal Justice.  Curry exercised his right to appeal the
pretrial rulings and now brings three issues on appeal.  We will affirm the
judgment of the trial court.

Background

      On February 19, 2006, the Brazos Valley
Narcotics Task Force arrested an individual who identified himself as Eugene
Ali.  He agreed to cooperate with the Task Force to arrange the purchase of
crack cocaine at a motel.  Detective Chad Hanks and other law enforcement
officers stationed themselves in the motel room next to Ali’s and watched video
surveillance of his room.  Sergeant Darby was in a room across the parking lot
from Ali’s room so that he could observe vehicle traffic in the parking lot.

      At approximately 7:35 p.m. Curry arrived at
the motel in a green Chrysler.  He exited the car but left the headlights on
and the engine running.  The officers in the next room observed him on the
video enter Ali’s room and walk toward the bathroom.  Ali and Curry talked for
a few minutes then they exchanged what appeared to be crack cocaine and money. 
Once the officers saw the exchange, they entered Ali’s room and arrested Curry.

      Following the arrest, Ali gave Hanks 1.11
grams of crack cocaine.  Hanks testified that he searched Ali before Curry
arrived and he did not have any drugs in his possession.  A search of Curry
produced two cell phones and approximately $1,600, including the money provided
to Ali by the Task Force.  Officers then searched the car and found six crack
cocaine rocks in the right cup holder, one rock under the driver’s seat, and
four crack cocaine cookies in the console.  The total weight of crack cocaine
in the car was approximately 65 grams.

Standard of Review

      We
review a trial court’s ruling on a motion to suppress under a bifurcated
standard of review.  Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  A
trial court’s denial of a motion to suppress is reviewed for abuse of
discretion.  Oles v. State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999). 
The trial court’s findings of fact are given “almost total deference,” and in
the absence of explicit findings, the appellate court assumes the trial court
made whatever appropriate implicit findings that are supported by the record.  Carmouche,
10 S.W.3d at 327-28; Guzman, 955 S.W.2d at 89-90.  But when the trial
court's rulings do not turn on the credibility and demeanor of the witnesses,
we review de novo a trial court's rulings on mixed questions of law and fact.  Estrada
v. State, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005).  Therefore, although
due weight should be given to the inferences drawn by trial judges and law
enforcement officers, determinations of matters such as reasonable suspicion
and probable cause are reviewed de novo on appeal.  Guzman, 955 S.W.2d
at 87 (citing Ornelas v. United States, 517 U.S. 690, 116 S.Ct. 1657,
134 L.Ed.2d 911 (1996)).

Warrantless Search

      In his first issue, Curry complains of the trial
court’s failure to suppress evidence resulting from the search of his vehicle. 
He filed the motion on the grounds that the officers did not have a search
warrant and did not have probable cause to search the vehicle.  Curry argues
that because he was arrested in the motel room and not near his vehicle, the
officers did not have probable cause to believe the vehicle contained evidence
of a crime.

      The Fourth Amendment to the United States
Constitution prohibits unreasonable searches and seizures by government officials. 
 U.S. Const. amend. IV. 
Searches and seizures conducted without a warrant are unreasonable per se
under the Fourth Amendment, with a few specifically defined and
well-established exceptions.  McGee v. State, 105 S.W.3d 609, 615 (Tex. Crim. App. 2003).

      Under both state and federal law, a police
officer may conduct a warrantless search of an automobile if he or she has
probable cause to believe a crime has been committed and there is contraband
located somewhere inside the vehicle.  Carroll v. United States, 267 U.S. 132, 158-59, 45 S.Ct. 280, 287, 69 L.Ed. 543 (1925); Wiede v. State, 214 S.W.3d
17, 24 (Tex. Crim. App. 2007).  The justifications for this automobile
exception are that vehicles are inherently mobile and the expectation of
privacy with respect to an automobile is relatively low.  Id.  Furthermore,
the justification to conduct a warrantless search does not vanish once the
vehicle is immobilized.  See Michigan v. Thomas, 458 U.S. 259, 261, 102 S.Ct. 3079, 3081, 73 L.Ed.2d 750 (1982); Guzman v. State, 959 S.W.2d 631,
634 n.3 (Tex. Crim. App. 1998).  Accordingly, a vehicle may be searched on the
basis of probable cause to believe that it contains contraband although exigent
circumstances do not exist to justify such a warrantless search.  Id.; Dixon v. State, 206 S.W.3d 613, 619 n.25 (Tex. Crim. App. 2006) (“A
finding of probable cause ‘alone satisfies the automobile exception to the
Fourth Amendment warrant requirement.’”).

      In
determining probable cause, courts must consider the totality of the
circumstances.  Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct.
2317, 2332, 76 L.Ed.2d 527 (1983).  Probable cause exists when the facts and
circumstances within the officer’s knowledge and about which he has reasonable
trustworthy information are sufficient in themselves to warrant a person of
reasonable caution to believe that a crime has been committed.  Torres v.
State, 182 S.W.3d 899, 901 (Tex. Crim. App. 2005).  The sum of the
information known to the cooperating officers at the time of a search is to be
considered in determining whether there was sufficient probable cause.  Woodward
v. State, 668 S.W.2d 337, 344 (Tex. Crim. App. 1982).

      The basic facts are not in dispute.  The
officers knew that Curry had arrived at the motel in the green Chrysler and
witnessed him, via video surveillance, sell crack cocaine to Ali.  Hanks
testified that he recognized Curry from previous drug investigations.  He also
testified that, based on his experience in investigating drug dealers, he knew
they generally do not carry their entire “stash” with them but keep it nearby. 
Considering the totality of the circumstances, the trial court was justified in
finding and we determine de novo that the officers had probable cause to
believe that the car and its contents were associated with criminal activity.  See
Amos v. State, 819 S.W.2d 156, 161 (Tex. Crim. App. 1991), cert. denied,
504 U.S. 917, 112 S.Ct. 1959, 118 L.Ed.2d 561 (1992).

      Finding probable cause, we hold that the
trial court did not err in failing to suppress the evidence obtained from the
search of Curry’s vehicle.  We overrule his first issue.

Findings of Fact and Conclusions of Law

      Curry next contends that reversal is
mandated because the trial court failed to make findings of facts and
conclusions of law.  He relies on State v. Cullen for the proposition
that, upon request of the losing party on a motion to suppress, the trial court
shall state its essential findings.  State v. Cullen, 195 S.W.3d 696 (Tex. Crim. App. 2006).

      The Court of Criminal Appeals expressly
stated that this requirement became effective from the date of the Cullen opinion
(i.e., June 28, 2006).  Id. at 699.  Curry’s request for
findings was made at the motion to suppress hearing held on May 16, 2006,
before the Cullen requirement became effective.  We find the prior law
applicable to this case.  Id.; Ross v. State, 32
S.W.3d 853, 855 (Tex. Crim. App. 2000).  Accordingly, when, as here, the trial
court fails to file findings of fact, we view the evidence in the light most
favorable to the trial court's ruling and assume that the trial court made
implicit findings of fact that support its ruling as long as those findings are
supported by the record.  Ross, 32 S.W.3d at 859.  Neither remand nor reversal
is mandated by Ross.  Id.  We overrule Curry’s second issue.

Confrontation Clause

      Curry’s third issue argues that the trial
court erred in admitting testimonial statements contained in the video surveillance
tape in violation of his Sixth Amendment right to confrontation.  The State
argues that the right to confrontation does not apply to pretrial suppression
hearings or, in the alternative, that the statements on the video tape were not
testimonial within the meaning of Crawford v. Washington, 541 U.S. 36,
124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

      Application of the Confrontation Clause to
Suppression Hearings

      The Sixth Amendment’s Confrontation Clause
provides:  “In all criminal prosecutions, the accused shall enjoy the right …
to be confronted with the witnesses against him….”  U.S. Const. amend.
VI.  The Confrontation Clause provides criminal defendants with two
protections:  the right to physically face those who testify against them and
the right to conduct cross-examination.  Pennsylvania v. Ritchie, 480
 U.S. 39, 51, 107 S.Ct. 989, 998, 94 L.Ed.2d 40 (1987).  The central concern
of the Confrontation Clause is to ensure the reliability of the evidence
against a criminal defendant by subjecting it to rigorous testing in the
context of an adversary proceeding before the trier of fact.  Maryland
v. Craig, 497 U.S. 836, 845, 110 S.Ct. 3157, 3163, 111 L.Ed.2d 666 (1990).

      In Crawford v. Washington, the
Supreme Court of the United States essentially resuscitated the Confrontation Clause,
and held that the admission of hearsay violates a defendant's Sixth Amendment
right of confrontation unless the declarant is unavailable and the defendant
has had a prior opportunity for cross-examination.  Crawford, 541 U.S. at 68, 124 S.Ct. at 1374.  Since Crawford, appellate courts have increasingly
been called upon to determine how and when to apply the Confrontation Clause.  See
In re M.P., --- S.W.3d ---, 2007 WL 417126 (Tex. App.—Waco 2007, no pet.
h.).  But, “[t]he text of the Sixth Amendment does not
suggest any open-ended exceptions from the confrontation requirement to be
developed by the courts.”  Crawford, 541 U.S. at 54, 124 S.Ct. at 1365.  The right of confrontation has not been limited solely to that
portion of a criminal proceeding that determines guilt or innocence.  It has
been applied to other portions of a criminal proceeding that can be classified
as the trial.  Granville v. Graziano, 858 N.E.2d 879, 883 (Ohio Mun. 2006).

      In Vanmeter v. State, the Dallas
Court of Appeals held that the right of confrontation does not apply at a
pretrial suppression hearing.  Vanmeter v. State, 165 S.W.3d 68 (Tex.
App.—Dallas 2005, pet. ref’d).  The Vanmeter court noted that
traditionally the right of confrontation has been considered a trial right, not
a pretrial right.  Id. at 72.  Although there is authority for
that proposition, we note that a suppression hearing is a critical phase of a
criminal proceeding.  The aims and interests involved in a suppression hearing
are just as pressing as those in the actual trial.  See United States v. Steward, 93 F.3d 189, 193 n.1 (5th Cir. 1996).  In drug possession
cases like the one before us, the outcome of the suppression hearing often
determines the outcome of the trial itself.  To deny a defendant the
protections afforded by the Confrontation Clause at this critical stage of the
proceeding essentially denies him his only opportunity to ensure that the
evidence presented against him is reliable.

      The Vanmeter court was also persuaded
that state law favors denying a defendant this right at pretrial hearings. 
Texas Code of Criminal Procedure article 28.01(6) provides that the trial court
is given the discretion to decide a motion to suppress on affidavits alone,
without a hearing.[1]  Tex. Code Crim. Proc. Ann. art.
28.01(6) (Vernon 1989).  However, when, as here, a trial court decides the
motion upon oral testimony, a defendant should be given the opportunity to
confront all witnesses against him.

      Finally, the Vanmeter court adopted
the State’s argument that a defendant’s remedy in this situation is to proceed
to trial where he would have the constitutional right to confront the witnesses
against him, and, if denied that right at trial, to preserve the error and
raise the issue on appeal.  It is true that a defendant who pleads guilty
waives certain constitutional rights.  See Vanmeter, 165 S.W.3d at 73
(citing United States v. Ruiz, 536 U.S. 622, 628-34, 122 S.Ct. 2450, 2454-57,
153 L.Ed.2d 586 (2002)).  As a matter of judicial economy, Texas law allows a
defendant to appeal the denial of a motion to suppress after a guilty plea.[2] 
See Tex. R. App. P.
25.2(a)(2).  If confrontation rights are not guaranteed at a pretrial suppression
hearing and may be exercised only at a full trial on the merits, the purpose of
this rule may be undone.  The procedure encouraged by Vanmeter would
dissuade defendants from pleading guilty, thereby forcing the State to a full
trial on the merits to preserve the defendant’s confrontation rights, and
proceeding to an appeal on the suppression issue and likely on the merits, all
resulting in the waste of prosecutorial and judicial resources.  See Young v. State, 8 S.W.3d 656, 665 (Tex. Crim. App. 2000); Lyon
v. State, 872 S.W.2d 732, 734-35
(Tex. Crim. App. 1994), abrogated
on other grounds by Young v. State,
8 S.W.3d 656 (Tex. Crim. App. 2000).

      There is support from other jurisdictions
for the application of confrontation right in suppression hearings.  See United States v. Clark, 475 F.2d 240, 246 (2d Cir. 1973); United States v. Lopez, 328
F.Supp. 1077, 1088 (E.D.N.Y. 1971); Granville, 858 N.E.2d at 883; State
v. Hensel, 106 N.M. 8, 10-11, 738 P.2d 126, 128-29 (N.M.App. 1987); State
v. Sigerson, 282 So.2d 649, 651 (Fla. App. 1973); see also 6 Wayne R. LaFave, Search and Seizure:  A Treatise on the Fourth Amendment
§ 11.2(d) (4th ed. 2007).

      Ultimately, we disagree with Vanmeter and
hold that the protections of the Confrontation Clause extend to a pretrial
suppression hearing.  We now turn to whether Curry’s right to confrontation was
violated.

      Testimonial
Statements

      Whether a court’s admission of evidence
violates the Confrontation Clause is reviewed de novo.  See Lilly v. Virginia, 527 U.S. 116, 137, 119 S.Ct. 1887, 1900, 144 L.Ed.2d 117 (1999); McClenton
v. State, 167 S.W.3d 86, 93 (Tex. App.—Waco 2005, no pet.).  “Testimonial
statements” made by “witnesses absent from trial” are admissible “only when the
declarant is unavailable and only where the defendant has had a prior
opportunity to cross examine.”  Kearney v. State, 181 S.W.3d 438,
442 (Tex. App.—Waco 2005, pet. ref’d); see Crawford, 541 U.S. at 59, 124 S.Ct. at 1368-69.

      Accordingly, the threshold question under Crawford
is whether a statement is testimonial in nature.  Crawford, 541 U.S. at 68, 124 S.Ct. at 1374; see also Woods v. State, 152 S.W.3d 105, 113 (Tex. Crim.
App. 2004).  The right of confrontation applies only to “witnesses” against the
accused, defined as “those who ‘bear testimony.’“  Id. at 51, 124 S.Ct.
at 1364 (quoting 2 N. Webster, An American Dictionary of the English Language
(1828)).  The right further applies only to “testimony,” defined as a “solemn
declaration or affirmation made for the purpose of establishing or proving some
fact.”  Id.  The right is not avoided simply by admitting the evidence
under an exception to the hearsay rules.  See id. at 55-56, 124 S.Ct. at
1366-67.

      Although the Supreme Court did not provide a
comprehensive definition of the phrase “testimonial statement,” it indicated
that a “core class of ‘testimonial’ statements” exists: (1) “ex parte in-court
testimony or its functional equivalent,” such as affidavits, custodial
examinations, prior testimony not subject to cross-examination, or “similar
pretrial statements that declarants would reasonably expect to be used
prosecutorially,” (2) “extrajudicial statements” of the same nature “contained
in formalized testimonial materials,” and (3) “statements that were made under
circumstances which would lead an objective witness reasonably to believe that
the statement would be available for use at a later trial.”  Id. at
51–52, 124 S.Ct. at 1364.

      In determining whether statements are
testimonial, Texas courts have looked to the degree of formality of a
declarant’s interaction with police, the purpose and structure of police
questioning and the likelihood that the declarant expects that the statements
could be used in a criminal prosecution.  Walker v. State, 180
S.W.3d 829, 833 (Tex. App.—Houston [14th Dist.] 2005, no pet.).  Testimonial
statements “involve a declarant's knowing responses to structured questioning
in an investigative environment or a courtroom setting where the declarant
would reasonably expect that his or her responses might be used in future
judicial proceedings.”  Id. at 834.

      The statements at issue here are those made
during the brief conversation between Ali and Curry in the course of a drug
transaction.  This setting is not one which “would lead an objective witness
reasonably to believe that the statement would be available” for later judicial
proceedings.  Crawford, 541 U.S. at 52, 124 S.Ct. at 1364.  Further,
Ali was speaking about events as they were happening and not as the result of
“structured questioning” about past events.  See id. at 53 n.4, 124
S.Ct. at 1365 n.4; Davis v. Washington, --- U.S. ---, ---, 126 S.Ct.
2266, 2274, 165 L.Ed.2d 224 (2006).  Based on these circumstances, we hold that
Ali’s statements were not testimonial.  Accordingly, we overrule Curry’s third
issue.

Conclusion

      Having overruled Curry’s three issues, we
affirm the judgment of the trial court.

 

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

(Chief Justice Gray concurring)

Affirmed

Opinion
delivered and filed May 16, 2007

Publish


[CR25]









[1] As Judge Cochran noted in Manzi, deciding
suppression motions on affidavits alone “does not inspire confidence.”  Manzi
v. State, 88 S.W.3d 240, 255 (Tex. Crim. App. 2002) (Cochran, J.,
concurring).  We do not address that situation.





[2]   Regarding the concurring
opinion’s unseemly “Enron Economics” barb, some history is in order.  In 1972,
the Court of Criminal Appeals held that “[w]here a plea of guilty is
voluntarily and understandingly made, all non-jurisdictional defects including
claimed deprivation of federal due process are waived.”  Helms v. State,
484 S.W.2d 925, 927 (Tex. Crim. App. 1972), abrogated by Young v. State,
8 S.W.3d 656 (Tex. Crim. App. 2000).  In practice, the Helms Rule
“discouraged guilty pleas, and caused a defendant, who wanted to preserve his
appellate issues, to force the State to a full trial on the merits.”  Lyon v. State, 872 S.W.2d 732, 734 (Tex. Crim. App. 1994), abrogated on
other grounds by Young v. State, 8 S.W.3d 656 (Tex. Crim. App. 2000). 
“Apparently, this cost the State a lot of money.”  Id.

More recently, the Court of
Criminal Appeals noted:

In response to Helms,
the legislature amended Article 44.02 in 1977:

provided, however, before the
defendant who has been convicted upon either his plea of guilty or plea of nolo
contendere before the court and the court, upon the election of the defendant,
assesses punishment and the punishment does not exceed the punishment
recommended by the prosecutor and agreed to by the defendant and his attorney
may prosecute his appeal, he must have permission of the trial court, except
on those matters which have been raised by written motion filed prior to trial.

Tex. Code
Crim. Proc. Ann.
art. 44.02 (Vernon 1979), repealed 1998 (emphasis added).

. . .  Thus, the 1977 amendment
legislatively countered the practical result of Helms by discouraging
the trial of cases solely to preserve an issue for appeal and, by recognizing
that even plea-bargaining defendants could appeal rulings on written pretrial
motions, also encouraged guilty pleas.

Griffin v. State, 145 S.W.3d 645, 646-47 (Tex. Crim. App. 2004); see
also Lyon, 872 S.W.2d at 735 (”This proviso was a limited abrogation of the
Helms rule; it allowed some appellate issues to be addressed on their
merits in negotiated plea situations where the Helms rule otherwise
applied in order ‘to conserve judicial resources by encouraging guilty pleas,’
and to prevent ‘windy’ appeals.”) (citations and footnote omitted). “’[A] defendant
who has lost one or more pre-trial motions will often go through an entire trial simply to preserve the pre-trial issues for
later appellate review.  This results in a waste of prosecutorial and judicial
resources, and causes delay in the trial of other cases.’”  Young v. State,
8 S.W.3d 656, 665 (Tex. Crim. App. 2000).

With legislative authorization,
the Court of Criminal Appeals repealed Article 44.02’s proviso and replaced it
with former Rule of Appellate Procedure 40(b)(1) (repealed), which is now part
of Rule 25.2(a)(2).  Griffin, 145 S.W.3d at 647; Lyon, 872 S.W.2d at 735.  Under that rule’s application, a defendant whose
written pretrial motion to suppress is denied can plead guilty and appeal the trial
court’s denial.  See, e.g., Montanez v. State, 195 S.W.3d 101, 102-05
(Tex. Crim. App. 2006), op. on remand, 211 S.W.3d 412 (Tex. App.—Waco
2007, no pet. h.); Haas v. State, 172 S.W.3d 42 (Tex. App.—Waco 2005,
pet. ref’d).