**Affirmed and Memorandum Opinion filed August 14, 2012.**



In The

# Fourteenth Court of Appeals

## NO. 14-11-00451-CR

**TIMOTHY BLAND, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1279005**

## MEMORANDUM OPINION

Appellant, Timothy Bland, appeals his conviction for possession of a controlled substance (cocaine). In three issues, appellant contends the trial court erred by (1) denying appellant's motion for disclosure of a confidential informant's identity, (2) denying appellant's motion to suppress, and (3) improperly limiting cross-examination of a witness during the suppression hearing. We affirm.

### I. BACKGROUND

Houston police officers Benjamin Gill, James Crawford, and Gordon Sullivan testified at the hearing and collectively provided the following account. For six weeks

before September 22, 2010, Officer Gill, of the narcotics division, received tips from a confidential informant that appellant was selling cocaine out of a boarding house by transporting it to other locations in a small magnetic box placed under the wheel well of his car.[1]  On the night of September 22, Officer Gill and his partner retrieved the informant, who pointed out the boarding house and appellant's car, and then left the informant at another location.  At approximately 11:30 p.m., these officers began surveillance of the boarding house.  Shortly after midnight, they saw appellant drive away from the house in the car identified by the informant and commit several traffic violations.  Thus, Officer Gill instructed uniformed officers to stop the car and relayed the informant's tip regarding appellant's method for transporting cocaine. The officers did not procure a warrant to search the car.   Officer Crawford asked appellant to exit his car, performed a pat-down search for weapons, and placed him in the patrol car, for officers' safety.  Officer Sullivan reached under the driver's-side, rear wheel well of appellant's car and retrieved a small box, which had cocaine residue on the outside.  Officer Sullivan opened the box, which contained crack cocaine.  Officers arrested appellant and subsequently searched the boarding house.  Although a narcotics dog alerted on appellant's room, no drugs were found there but were found in every other room.

The State originally charged appellant with possession of a controlled substance with intent to deliver and alleged two prior felony convictions for enhancement purposes. Appellant filed a motion to suppress and a motion for disclosure of the confidential informant's identity.  At a hearing on the motion to suppress, the trial court sustained some of the State's objections when appellant attempted to question Officer Gill and introduce documents regarding the informant.  At that time, the trial court, a visiting judge, mistakenly believed the presiding judge had already denied the motion for disclosure and the hearing solely concerned appellant's motion to suppress.  After the

---

[1] Because the informant's identity has not been disclosed, we will refer to him as a male, consistent with Officer Gill's references, although appellant suggests the informant is a certain woman.

2

trial court orally denied the motion to suppress, appellant re-urged that he had evidence to present supporting the motion for disclosure. The trial court indicated it would ascertain whether the presiding judge had ruled on the motion for disclosure. It is unclear what transpired off the record, but the next day the trial court denied the motion for disclosure. Appellant then agreed to a plea bargain after the State reduced the charge to possession of a controlled substance and abandoned one enhancement paragraph. The trial court sentenced appellant to sixteen years' confinement.

## II. ANALYSIS

### A. Motion to Suppress

We will first address appellant's second issue, in which he contends the trial court erred by denying appellant's motion to suppress the cocaine found on his car because officers lacked probable cause for a warrantless search of the vehicle.

We must uphold the denial of a motion to suppress if it is reasonably supported by the record and is correct under any applicable theory of law. *Hereford v. State*, 339 S.W.3d 111, 117–18 (Tex. Crim. App. 2011). We review the record in the light most favorable to the ruling and reverse only if the ruling is outside the zone of reasonable disagreement. *Id.* at 118. We give almost total deference to the trial court's finding of historical facts and determinations on "mixed questions of law and fact" that depend on the credibility of witnesses. *Id.* We review *de novo* pure questions of law and "mixed questions of law and fact" that do not depend on credibility determinations. *Id.* During a hearing on a motion to suppress, the trial court is the sole judge of witness credibility and the weight to give their testimony. *Id.* When, as in the present case, the trial court does not make findings of historical fact, we infer factual findings implicit in the trial court's conclusion as long as the implied findings are supported by the record. *Id.*

Generally, a warrantless search is considered *per se* unreasonable in violation of the Fourth Amendment. *See Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007); *see also* U.S. Const. Amend. IV. As an exception, a warrantless search of a vehicle is reasonable if law enforcement officials have probable cause to believe that the vehicle

3

contains contraband. *Id.* When a defendant meets his initial burden to prove a search of his vehicle was conducted without a warrant, the burden shifts to the State to prove officers had probable cause to conduct the warrantless search. *See Neal v. State*, 256 S.W.3d 264, 282 (Tex. Crim. App. 2008).

Probable cause "exist[s] where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found[.]" *Wiede*, 214 S.W.3d at 24. "Known facts and circumstances" include those personally known to law enforcement officers or those derived from a "reasonably trustworthy" source. *Id.* We consider the "totality of the circumstances," rather than engage in a "divide-and-conquer" or piecemeal approach. *Id.* at 25; *see Dixon v. State*, 206 S.W.3d 613, 616 (Tex. Crim. App. 2006). We do not consider the officers' subjective intent or motivations when examining the totality of the circumstances, but we consider their training, knowledge, and experience. *Wiede*, 214 S.W.3d at 25.

Assuming, without deciding, that retrieval of the box from under appellant's wheel well constituted a search, the State established the officers had probable cause for the search. At the time of the suppression hearing, Officer Gill had been a police officer for thirty-four years and assigned to the narcotics division for ten years but was involved in policing narcotics activity even as a patrol officer. Officer Gill was familiar with appellant because he had arrested him in 2006 for possession of cocaine based on a tip from the same informant. Then, for about six weeks before appellant's arrest in the present case, the informant told Officer Gill that appellant was "back in business" selling cocaine. Officer Gill testified he had used this informant "many times" for information regarding narcotics or gun violations, the informant has been reliable and credible, his tips have led to many arrests, he is a "registered" police informant, and the FBI has also used him. Officer Gill explained that the primary factor in judging an informant's reliability and credibility is whether the information "pan[s] out." *See Dixon*, 206 S.W.3d at 616–17 (emphasizing importance of fact that informant had always provided accurate information in past resulting in arrests to issue of informant's credibility based on inference police would not act on information from one not proven reliable).

4

Appellant suggests that information from an unnamed informant was alone insufficient to establish probable cause. However, the Texas Court of Criminal Appeals has held that independent police corroboration is not required because *per se* rules for determining probable cause have been criticized by the United States Supreme Court, *id.* at 618 (citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983)), and such corroboration has never been treated as a *per se* requirement in every case. *Id.* (citing, *e.g.*, *United States v. Harris*, 403 U.S. 573, 577–85 (1971); *United States v. Brundidge*, 170 F.3d 1350, 1353 (11th Cir. 1999)). Because an informant's "veracity and basis of knowledge are sufficient, by themselves, to establish probable cause," the officer's "corroboration of details" is "'only the frosting on the probable cause cake.'" *Id.* at 619 (quoting 2 Wayne R. LaFave, Search and Seizure, § 3.3(f) at 176 (4th ed. 2004)).

Nevertheless, Officer Gill did corroborate some details provided by the informant. The informant relayed that appellant transported the cocaine from the boarding house via a small magnetic box attached under the wheel well of his car; in Officer Gill's experience, this type of box is used to transport narcotics. When Officer Gill retrieved the informant on the night at issue, he pointed out the specific boarding house and the car. Officer Gill testified the boarding house is located in a "high crime area." After parting company with the informant, Officer Gill observed appellant indeed leave that particular boarding house in the car identified by the informant. *See id.* at 617–18 (recognizing significance to probable-cause analysis of fact that informant provided details verified by officer relative to defendant's alleged possession of narcotics, such as his name and appearance, description of his car and license-plate number, and identification of "drug dealing" neighborhood where defendant was found sitting in that car, thus indicating informant had actually seen defendant in the car, rather than acquiring information from "rumor mill"). Moreover, appellant left the house at an unusual hour—midnight, which alone would not establish probable cause but is relevant in conjunction with other facts.

Based on the totality of circumstances, including Officer Gill's experience, his familiarity with appellant, the informant's tip, and Officer Gill's observations on the

night at issue, we conclude the officers had probable cause to "search" under appellant's wheel well for narcotics. We overrule appellant's second issue.

**B.      Motion for Disclosure of Informant's Identity**

In his first issue, appellant contends the trial court erred by denying appellant's motion for disclosure of the informant's identity. With certain exceptions, the State has the "privilege to refuse to disclose the identity of a person who has furnished information relating to or assisting in" a criminal investigation to a law enforcement officer. Tex. R. Evid. 508(a), (c). Appellant relies on the two exceptions prescribed in Rules 508(c)(2) and (3).

Under Rule 508(c)(2), the State is required to disclose the identity of a confidential informant "if it appears from the evidence in the case or from other showing by a party that an informer may be able to give testimony necessary to a fair determination . . . on guilt or innocence." Tex. R. Evid. 508(c)(2). A defendant who makes a request under Rule 508(c)(2) bears the threshold burden of demonstrating the informant's identity must be disclosed. *See Bodin v. State*, 807 S.W.2d 313, 318 (Tex. Crim. App. 1991). Because the defendant may not necessarily know the nature of the informant's testimony, the defendant must merely make a "plausible showing" of how the testimony may be important, but mere conjecture or speculation regarding relevancy is insufficient. *Id.* If the defendant meets his burden, the trial court must conduct an in-camera hearing to allow the State an opportunity to show whether the informer can, in fact, supply that testimony. *See id.* at 318–19; Tex. R. Evid. 508(c)(2). We review a trial court's denial of a motion for disclosure of a confidential informant under the abuse-of-discretion standard. *Ford v. State*, 179 S.W.3d 203, 210 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). We will not disturb the ruling unless it falls outside the zone of reasonable disagreement. *Id.*

Appellant suggests he made a plausible showing that the informant could provide testimony "necessary to a fair determination . . . on guilt or innocence." *See* Tex. R. Evid. 508(c)(2). As appellant informed the trial court, he suspects the informant is a

woman whom we will refer to as "T.D." According to appellant, T.D. was a witness to the alleged offense, was paid for the information regarding appellant, has a criminal record, was previously engaged in a romantic relationship with appellant, rode in appellant's car earlier on the day at issue, and left some belongings in the car. The gist of appellant's argument is that these factors constituted a plausible showing the informant "set-up" appellant—for money or revenge—by planting the cocaine, causing it to be planted, or observing another person place it on the car but blaming appellant.

However, at the hearing, all parties agreed, and the trial court acknowledged, that the motion to suppress was "dispositive," meaning appellant would plead guilty if the motion were denied or the State would dismiss the charge if the motion were granted. Therefore, as the State argued, any relevance of the informant's knowledge with respect to guilt or innocence was moot. In fact, when appellant re-urged his request to present evidence supporting the motion for disclosure, he acknowledged the motion to suppress was dispositive and limited his argument to contending the informant's identity was relevant to the motion to suppress; i.e., the probable-cause issue. Although the trial court had already denied the motion to suppress, appellant suggested the court hold a ruling on that motion in abeyance while confirming the presiding judge had not ruled on the motion for disclosure. Accordingly, appellant effectively abandoned, and thus failed to preserve, any contention (as raised in his written motion for disclosure) that disclosure of the informant's identity was necessary for a fair determination on guilt or innocence. *See* Tex. R. App. P. 33.1(a) (providing that, to preserve issue for appellate review, party must make timely objection or request to the trial court, sufficiently stating specific grounds for the requested ruling, unless apparent from the context, and obtain adverse ruling).

Under Rule 508(c)(3), disclosure may be required if "information from an informer is relied upon to establish the legality of the means by which evidence was obtained and the court is not satisfied that the information was received from an informer reasonably believed to be reliable or credible . . . ." Tex. R. Evid. 508(c)(3). By its express language, Rule 508(c)(3) applies only when "*the court*" is not satisfied relative to

the informant's reliability and credibility. *See id.* (emphasis added). Implicit in the trial court's denial of appellant's motion to suppress, without requiring disclosure of the informant's identity, was a finding that the court was satisfied the informant was "reasonably believed to be reliable or credible." *See Washington v. State*, 902 S.W.2d 649, 656–57 (Tex. App.—Houston [14th Dist.] 1995, pet. ref'd). Appellant cites no authority holding that a defendant may obtain disclosure of an informant's identity based solely on the *defendant's* contention the informant was not "reasonably believed to be reliable or credible." *Cf.* Tex. R. Evid. 508(c)(3). Accordingly, the trial court did not abuse its discretion by refusing to require disclosure of the informant's identity relative to the probable-cause issue. We overrule appellant's first issue.

## C.    Limitation on Cross-Examination Regarding Informant

In his third issue, appellant contends the trial court violated appellant's constitutional right to confrontation by improperly limiting his cross-examination of Officer Gill on topics pertaining to the confidential informant.

Apparently, appellant primarily claims the proffered testimony supported his motion for disclosure of the informant's identity. Despite appellant's reference to limitations on "cross-examination," it was appellant who presented Officer Gill as a witness, the questions were posed during appellant's direct and re-direct examination, and appellant bore the initial burden on his motion for disclosure. *See Bodin*, 807 S.W.2d at 318. Accordingly, with respect to denial of the motion for disclosure, appellant effectively challenges the trial court's exclusion of evidence. Nevertheless, we review both a trial court's evidentiary rulings and limitation of cross-examination under the abuse-of-discretion standard. *Billodeau v. State*, 277 S.W.3d 34, 39 (Tex. Crim. App. 2009); *Sansom v. State*, 292 S.W.3d 112, 118 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd). Regardless of how we characterize appellant's complaint, we uphold the trial court's rulings.[2]

---

[2]    Appellant cites cases showing a disagreement among courts of appeals on whether the constitutional right to confrontation applies in a pre-trial suppression hearing. *Compare Vanmeter v. State*, 165 S.W.3d 68, 74–75 (Tex. App.—Dallas 2005, pet. ref'd) (holding right does not apply because it

As mentioned above, the trial court precluded appellant from presenting some of the proffered testimony based on the trial court's mistaken belief the presiding judge had already denied the motion. However, we will not disturb a trial court's evidentiary ruling if it is correct on any applicable theory of law even if the trial court gave the wrong reason for its ruling. *See De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009). As also discussed above, all parties acknowledged the motion to suppress was dispositive, and appellant abandoned any contention that disclosure of the informant's identity was necessary to a fair determination on guilt or innocence. Therefore, any right of appellant to present evidence showing disclosure was required on this ground was moot. With respect to disclosure relative to the probable-cause determination, again, Rule 508(c)(3) is invoked if "*the court*" is not satisfied the informant was "reasonably believed to be reliable or credible." *See* Tex. R. Evid. 508(c)(3) (emphasis added). Appellant cites no authority holding that *the defendant* is entitled to present evidence supporting disclosure of an informant's identity because *the defendant* contends the informant was not "reasonably believed to be reliable or credible." *Cf. id.* Accordingly, the trial court properly excluded the proffered testimony relative to the motion for disclosure.

It is unclear whether appellant also argues that the proffered testimony was pertinent to his motion to suppress, irrespective of the informant's identity. Some of appellant's questions to Officer Gill regarding the informant in general seemed directed at challenging probable cause for the warrantless search, in addition to supporting the motion for disclosure. Although appellant presented Officer Gill as a witness, the State bore the burden to prove officers had probable cause. *See Neal*, 256 S.W.3d at 282. Accordingly, relative to the motion to suppress, we construe appellant's complaint as effectively challenging the trial court's limitation of appellant's cross-examination of a

is a "trial right"), *with Curry v. State*, 228 S.W.3d 292, 298 (Tex. App.—Waco 2007, pet. ref'd) (holding right does apply). We need not decide whether the constitutional right to confrontation applies in a suppression hearing because we uphold the trial court's rulings.

witness relied on by the State, although appellant's questions were posed during his direct and re-direct examinations.

In the instances cited by appellant, the trial court sustained the State's objections to appellant's examination of Officer Gill on four subjects: (1) a request that Officer Gill confirm T.D.'s address; (2) questions regarding the police department's confidential informant "activity sheet" and Officer Gill's expense sheet for September 2010, which were proffered by appellant to show the informant was paid; (3) questions regarding whether an informant's relationship with a suspect affects the informant's credibility and whether there was a dating relationship between this particular informant and appellant; and (4) questions regarding whether an informant who was previously convicted of forgery and multiple drug offenses is reliable and appellant's proffer of a document purportedly reflecting T.D.'s criminal record.

With respect to T.D.'s address, we agree with the State that this question was merely a "roundabout way" to obtain disclosure of the informant's identity and bore no relevance to the probable-cause issue. Appellant apparently contends all the other above-cited proffered evidence supported his claim that he was "set-up" by the informant. However, any evidence indicating the informant "set-up" appellant would be relevant only to guilt or innocence; i.e., whether appellant actually placed the cocaine on his car. The pertinent inquiry relative to probable cause was whether *the officers* reasonably believed based on *their* "known facts and circumstances" that appellant was transporting cocaine on the car. *See Wiede*, 214 S.W.3d at 24.

Officer Gill implicitly indicated that the fact an informant is paid and/or has a criminal record does not negate the officers' belief that an informant is credible because Officer Gill testified all informants are paid, the amount increases if the tip proves to be true, and the police department would have no confidential informants if officers were permitted to use only persons lacking criminal records. Further, although the trial court precluded some questions regarding payment to this informant, Officer Gill testified at other points, without objection, the informant was paid $100 for the information

10

regarding appellant, thereby demonstrating this fact did not affect Officer Gill's opinion concerning his credibility. Additionally, before the trial court sustained the State's objection, Officer Gill testified that his belief regarding credibility of an informant's tip is not affected by whether the informant has a relationship with the suspect. Moreover, Officer Gill testified the informant did not even know the officers planned to retrieve him on the night at issue to identify the boarding house and appellant's car. Consequently, the evidence negated that *the officers* had a reason to believe the informant "set-up" appellant, despite the factors cited by appellant. Accordingly, with respect to the probable-cause issue, the trial court did not abuse its discretion by precluding any further examination of Officer Gill regarding payment to this particular informant, the informant's criminal record, or the informant's relationship with appellant. We overrule appellant's third issue.

We affirm the trial court's judgment.


/s/     Charles W. Seymore
Justice


Panel consists of Chief Justice Hedges and Justices Seymore and Brown.

Do Not Publish — Tex. R. App. P. 47.2(b).