Affirmed and Memorandum Opinion
filed March 4, 2010

 

In
The

Fourteenth
Court of Appeals



NO. 14-08-00971-CR



Laraun Omar
Henderson, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 182nd District Court

Harris County, Texas

Trial Court
Cause No. 1146334



 

MEMORANDUM OPINION 

Laraun Omar Henderson was found guilty of being a felon
in possession of a firearm and sentenced to thirty years’ confinement in the
Institutional Division of the Texas Department of Criminal Justice.  Henderson’s
sole issue on appeal is the trial court erred in failing to grant his motion to
suppress.  We affirm.

I

            Leonard Howard,
the complainant, stated that on December 18, 2007, he broke up a fight between
Laraun Omar Henderson and his female companion.  The complainant testified that
Henderson was angry with him for getting involved in the incident, so Henderson
followed him to the complainant’s uncle’s house and threatened him with a gun. 
The complainant’s wife called the police, but Henderson fled the scene.  The
complainant testified that about an hour later his daughter informed him that
Henderson’s vehicle was parked outside their apartment.  The complainant’s wife
again called the police, and this time, Corporal Joe Belmares responded to the
dispatch.  The complainant explained the situation to Corporal Belmares and
told him that Henderson had a gun.  

Corporal Belmares testified that he decided to
initiate a traffic stop on the suspect’s vehicle to investigate the complaint. 
He stated that he followed Henderson and he pulled him over because Henderson
failed to signal before he turned right.  Due to the nature of the dispatch,
Corporal Belmares frisked Henderson for weapons and proceeded to look into the
vehicle with his flashlight.  Corporal Belmares testified that the driver’s-side
door was open and he could see both the sight and hammer of a gun protruding
from a compartment in the door.  He then arrested Henderson for being a felon
in possession of a firearm.  

Contrary to Corporal Belmares’s testimony, Henderson
stated that the traffic stop was improper.  Henderson testified that he did not
know that the gun was in his vehicle and that Corporal Belmares could not have
seen the gun because his driver’s-side door and compartment in the door were
closed.  He also argued that although he did speak with the complainant on the
day of the incident, he never threatened the complainant with a gun.  

After hearing all of the evidence, the jury convicted
Henderson of the offense of felon in possession of a firearm.  Henderson pleaded
“true” to two enhancement paragraphs, and the jury sentenced Henderson to
thirty years’ confinement.  This appeal followed. 

II

            Henderson
contends that the trial court erred in failing to grant his motion to suppress
because the traffic violation he allegedly committed was not fully proven at
the suppression hearing.  The State argues that Henderson waived this issue
because he never asserted the argument in either his motion to suppress or
during the hearing for his motion to suppress. The State contends that even if
Henderson did not waive the issue, the trial court did not abuse its discretion
in denying the motion to suppress because Corporal Belmares reasonably
suspected Henderson committed a traffic violation, and Henderson admitted he
failed to signal before he turned.  We agree with the State.  

            We generally
review a trial court’s decision to grant or deny a motion to suppress using an
abuse-of-discretion standard.  Swain v. State, 181 S.W.3d 359, 365 (Tex.
Crim. App. 2005).  During the suppression hearing, the trial court is the
exclusive trier of fact and judge of the witnesses’ credibility.  State v.
Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); Mason v. State, 116
S.W.3d 248, 256 (Tex. App.—Houston [14th Dist.] 2003, pet. ref’d).  An
appellate court affords almost total deference to the trial court’s
determination of historical facts supported by the record, especially when the
trial court’s findings are based on an evaluation of credibility and demeanor. 
Johnson v. State, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002) (citing Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)).  We afford the same
amount of deference to a trial court’s ruling on mixed questions of law and
fact if the resolution turns on evaluating credibility and demeanor.    Johnson,
68 S.W.3d at 652; Guzman, 955 S.W.2d at 89.  We review de novo, however,
those mixed questions of law and fact not turning on credibility or demeanor.  
Johnson, 68 S.W.3d at 653 (citing Guzman, 955 S.W.2d at 89).  If
the trial court’s ruling is reasonably supported by the record and is correct
on any theory of law applicable to the case, the reviewing court must sustain
it on review.  Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App.
1996); Flores v. State, 172 S.W.3d 742, 748 (Tex. App.—Houston [14th
Dist.] 2005, no pet.). 

The Texas Rules of Appellate Procedure require a
party to preserve error for appellate review by demonstrating the error on the
record. Tex. R. App. P. 33.1(a); see Broxton v. State, 909 S.W.2d 912,
918 (Tex. Crim. App. 1995).  The party must make the complaint, objection, or
motion in a timely manner and “state[] the grounds for the ruling that the
complaining party [seeks] from the trial court with sufficient specificity to
make the trial court aware of the complaint.” Tex. R. App. P. 33.1(a)(1)(A). 
In raising the complaint on appeal, the party must ensure the point of error is
the same as the complaint or objection made during trial. Wilson v. State,
71 S.W.3d 346, 349 (Tex. Crim. App. 2002); Turner v. State, 805 S.W.2d
423, 431 (Tex. Crim. App. 1991) (citing Thomas v. State, 723 S.W.2d 696,
700 (Tex. Crim. App. 1986)).  Therefore, if a party’s objection at trial does
not correspond with its issue on appeal, the party has waived the issue. Broxton,
909 S.W.2d at 918.  A motion to suppress is simply a specialized objection to
the admissibility of evidence.  Rothstein v. State, 267 S.W.3d 366, 373
(Tex. App.—Houston [14th Dist.] 2008, pet. ref’d) (citing Galitz v. State,
617 S.W.2d 949, 952 n.10 (Tex. Crim. App. 1981)).  Courts have concluded that a
party can waive error if (1) his suppression motion makes global
arguments supported only by constitutional and statutory provisions, and (2) he
fails to argue any specified grounds during the hearing on the motion to
suppress.  See Swain, 181 S.W.3d at 365 (emphasis added).  

On appeal, Henderson argues that the trial court
should have granted his motion to suppress because the arresting officer never
testified that Henderson was within 100 feet of the intersection or turn when
he failed to signal; hence, the traffic violation was not proven.  In
Henderson’s written motion to suppress, he argues, “The defendant[’s] . . .
arrest and detention was made . . . contrary to Article 1, Section 9 of the
Texas Constitution and Chapter 14 of the Texas Code of Criminal Procedure.  The
fruits of the arrest and detention should be suppressed pursuant to Article
38.23 of the Texas Code of Criminal Procedure.”  This suppression argument
comports with the definition in Swain of a global argument.  See id. 
But Henderson did assert more specified grounds during the hearing on the
motion to suppress.  He argued that Corporal Belmares did not have probable
cause to arrest him because the offense was not committed within Corporal
Belmares’s view and the complainant’s accusation was not credible.  Next,
Henderson complained that the officer actually turned on his emergency lights
before Henderson made a traffic violation; therefore, he only turned right to
pull over in response to the emergency lights.  Finally, Henderson contends
that unless his failing to turn caused a “dangerous situation,” an officer would
not have probable cause to stop and arrest him.  Although Henderson did make specific
arguments during his hearing on the motion to suppress, those arguments do not
address his contention on appeal.  Because his argument on appeal does not
comport with any of his arguments either in his motion to suppress or at the
suppression hearing, he has failed to preserve error on the issue.[1]  See
Tex. R. App. P. 33.1(a).  Therefore, we overrule Henderson’s sole issue.     

*
* *

For
the foregoing reasons, we affirm the trial court’s judgment.

                                                                                    

                                                                        /s/        Jeffrey
V. Brown

                                                                                    Justice

 

 

 

Panel consists of Justices Frost, Brown,
and Boyce.

Do
Not Publish — Tex. R. App. P. 47.2(b).









Even if
Henderson did not waive this issue, the trial court did not abuse its
discretion in denying the motion to suppress because the trial court could have
concluded that the officer had a reasonable belief that Henderson committed a
traffic violation.  Section 545.104(a) of the Transportation Code states “[a]n
operator shall use the signal authorized by Section 545.106 to indicate an
intention to turn, change lanes, or start from a parked position.”  Tex.
Transp. Code Ann. § 545.104(a) (Vernon 1999).  Corporal Belmares testified
multiple times that Henderson “failed to signal.”  Although Henderson argues
that subsection (b) of the statute is applicable—signaling “continuously for
not less than the last 100 feet of movement of the vehicle before the turn”—the
fact that Henderson did not signal at all makes this provision irrelevant.  See
Tex. Transp. Code Ann. § 545.104(b).  Therefore, the more applicable provision
is subsection (a).  Additionally, we give almost total deference to the trial
court’s determination of historical facts supported by the record, especially
when the trial court’s findings are based on an evaluation of credibility and
demeanor.  Johnson, 68 S.W.3d at 652–53.  So even though Henderson’s
testimony conflicts with Corporal Belmares’s testimony concerning the traffic
violation, we defer to the trial court to make an evaluation of the credibility
of the witnesses and their accounts of the events.